Herbert **WEISS** and Estate of Roberta Weiss, Deceased, Herbert Weiss, Personal Representative, Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 1162, Docket 88–4017.

United States Court of Appeals, Second Circuit.

Argued May 18, 1988.

Decided June 27, 1988.

Robert F. Hermann, New York City (Saltzman & Holloran, New York City, Michael I. Saltzman, Barbara T. Kaplan, of counsel), for appellants.

Linda E. Mosakowski, Atty., Tax Div., Dept. of Justice, Washington, D.C. (William S. Rose, Jr., Asst. Atty. Gen., Tax Div., Dept. of Justice, Gary R. Allen, Ann Belanger Durney, Attys., of counsel), for appellee.

Before LUMBARD, MESKILL, and WINTER, Circuit Judges.

LUMBARD, Circuit Judge:

Herbert Weiss and the Estate of Roberta Weiss appeal from an order of Judge B. John Williams, Jr., of the Tax Court entered on October 23, 1987, denying their motion for litigation costs in the amount of $1,184.86 which were incurred when they successfully challenged a deficiency notice issued by the Internal Revenue Service for the 1982 tax year.

Reversed and remanded.

## I.

During 1982, Herbert Weiss and Roberta Weiss ("taxpayers") purchased an interest in a limited partnership known as Transpac Drilling Venture ("Transpac"). Transpac was formed and commenced business after September 3, 1982. Taxpayers received a form K–1 from Transpac for 1982. That form indicated that their distributive share of the losses of Transpac for 1982 was $42,837. Taxpayers claimed this amount as a loss deduction on their 1982 tax return.

The Commissioner of Internal Revenue sent a statutory notice of deficiency to taxpayers for 1982 in the amount of $10,972 on April 9, 1986. An accompanying statement explained that the Internal Revenue Service ("IRS") had recomputed taxpayers' income—the income they had reported for 1982 was increased by the amount of the partnership loss they had deducted because, the statement explained, they had failed to establish under any provision of the Internal Revenue Code (the "Code") that they were entitled to any portion of those losses. No non-partnership items were raised by the deficiency notice.

On July 7, 1986, taxpayers timely filed a petition in the Tax Court which alleged that the Tax Court lacked jurisdiction because Transpac was a partnership formed after September 3, 1982. They explained that because of its time of formation, the partnership was subject to the partnership audit and litigation procedures of § 6221 *et seq.* of the 1986 Code [1] and that in disallowing their deduction for the partnership loss

---

1. All references are to the Internal Revenue Code of 1986, unless otherwise specified.

for 1982, the Commissioner had failed to comply with those provisions by not conducting a partnership level audit before issuing the deficiency notice. On September 12, 1986, the Commissioner's District Counsel filed a motion to extend time to answer the taxpayers' petition until November 15, 1986, because he had not yet received the administrative file and was consequently unable to respond. The Tax Court granted this motion.

After receiving and reviewing the administrative file, the District Counsel filed a motion to dismiss for lack of jurisdiction on November 3, 1986. The Commissioner conceded that Transpac was a partnership to which the partnership audit and litigation procedures of § 6221 *et seq.* of the Code apply and that the IRS had not complied with those procedures in issuing the deficiency notice to the taxpayers. The taxpayers did not object and, on November 14, 1986, the Tax Court ordered the case dismissed for a lack of jurisdiction.

On January 9, 1987, taxpayers filed a motion for an award of $1,184.86 of litigation costs under § 7430 of the Code.[2] In support of this motion they alleged that they met § 7430's requirements for the award of litigation costs: (1) they had prevailed with respect to the most significant issue presented in the action (*i.e.*, that the deficiency notice was improperly issued); (2) the position of the Commissioner was not "substantially justified" within the meaning of § 7430(c)(4); (3) they had exhausted their administrative remedies since none was available to them; and (4) the amount they claimed was reasonable.

The Commissioner filed a notice of objection on February 5, 1987 arguing that the Tax Court lacked jurisdiction to hear this petition because the underlying action had been dismissed for lack of jurisdiction. In an opinion dated April 23, 1987, the Tax

2. Section 7430 of the Code [as added by Sec. 292(a), Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, 96 Stat. 324, as amended by Sec. 714(c), Deficit Reduction Act of 1984, Pub.L. No. 98–369, 98 Stat. 494 and Sec. 1551, Tax Reform Act of 1986, Pub.L. No. 99–514, 100 Stat. 2085], *AWARDING OF COURT COSTS AND CERTAIN FEES,* provides in pertinent part:

(a) General—In the case of any civil proceeding which is—

(1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and

(2) brought in a court of the United States (including the Tax Court and the United States Claims Court),

the prevailing party may be awarded a judgment (payable in the case of the Tax Court in the same manner as such an award by a district court) for reasonable litigation costs incurred in such proceeding.

(b) *Limitations—*

(c) *Definitions—*For purposes of this section—

(1) *Reasonable litigation costs—*

(A) *In general—*The term "reasonable litigation costs" includes—

(i) reasonable court costs, and

(ii) based upon prevailing market rates for the kind or quality of services furnished—

\* \* \* \* \* \*

(III) reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding, except that such fees shall not be in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate.

(2) *Prevailing party—*

(A) *In general—*The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—

(i) establishes that the position of the United States in the civil proceeding was not substantially justified,

(ii)(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented, and

\* \* \* \* \* \*

(B) *Determination as to prevailing party—*Any determination under subparagraph (A) as to whether a party is a prevailing party shall be made—

(i) by the court, or

(ii) by agreement of the parties.

(3) *Civil actions—*The term "civil proceeding" includes a civil action.

(4) *Position of United States—*The term "position of the United States" includes—

(A) the position taken by the United States in the civil proceeding, and

(B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based.

Court rejected this argument and found that it had jurisdiction to consider the motion for litigation costs but that it would not decide the merits until the Commissioner responded to the allegations in taxpayers' motion.

The Commissioner's response of July 27 agreed that the taxpayers had substantially prevailed with respect to the amount in controversy, had exhausted their administrative remedies and had satisfied the net worth requirement for the award of litigation costs applied by § 7430.[3]

The Commissioner opposed the award of litigation costs, however, on the grounds that his conduct in this case was justified and that the amount of attorneys' fees requested was not reasonable. In addition, the IRS District Counsel attorney assigned to the case, Michael Goldbas, submitted an affidavit in which he maintained that he had reviewed all known files and documents related to the administrative action leading to the Commissioner's issuance of the deficiency notice. He also asserted that the District Counsel had not reviewed the notice of deficiency prior to its issuance and that the District Counsel first became involved in the case when the taxpayers' petition was served on the Commissioner. This absence of involvement by the District Counsel in the issuance of the deficiency notice, the IRS argued, meant that, under § 7430(c)(2)(B), the notice did not constitute the "position of the United States." As a consequence, the IRS argued, the taxpayers had not shown that the "position of the United States" was not substantially justified and, therefore, they were not entitled to an award of litigation costs.

On October 8, 1987, the Tax Court denied the taxpayers' request for litigation costs. The Tax Court held that the taxpayers had failed to prove that they were prevailing parties as defined by § 7430(c)(2). The court rejected their argument that the deficiency notice constituted the "position of the United States" as that term is employed in § 7430(c)(2). The court noted

that the District Counsel had no role in the Commissioner's issuance of the deficiency notice to the taxpayers and that it was the taxpayers' filing of their petition, rather than any act by the IRS, which began the litigation in the Tax Court. From these facts, the court reasoned that the position of the United States in this case was to be determined by examining the Commissioner's actions after the petition was filed rather than from his prelitigation position in the deficiency notice.

The court also rejected the taxpayers' argument that the Commissioner's position included any administrative action or inaction by the IRS's District Counsel on the ground that the District Counsel's review of tax shelters such as Transpac is "broadbrush" rather than focused on individual taxpayers. Hence, the court reasoned, the fact that the District Counsel never reviewed the deficiency notice did not constitute "administrative inaction" as that term is employed in § 7430(c)(4)(B).

Taxpayers filed timely notice of appeal under § 7482(a) of the Code.

## II.

We agree with the Tax Court that § 7430 is designed to provide for the award of litigation costs to the taxpayer when the taxpayer has incurred costs in defending against an improper assessment by the IRS. Section 7430 requires that the costs be related to a civil proceeding brought by or against the United States in a matter related to a tax, a penalty, or interest charges that arise under the Code. As relevant here, it also requires (1) that the taxpayer exhaust all his administrative remedies before proceeding in a civil action; (2) that the costs be reasonable; and (3) that the taxpayer prove that he was the prevailing party. Section 7430(c)(2) defines a prevailing party as one which (1) establishes that the position of the United States was not substantially justified; (2) has substantially prevailed with respect to the amount in controversy or the most signifi-

---

**3.** On May 19, 1987, taxpayers filed an affidavit of Herbert Weiss, in which he alleged that neither he, Roberta Weiss, nor her estate, had a net worth exceeding $2 million at the time the petition in this case was filed or at any time subsequent to that date.

cant issue or set of issues presented; and (3) has a net worth not in excess of $2 million at the time of the civil proceeding.

The Tax Court found that the taxpayers here had exhausted all their administrative remedies, that they met the net worth requirement, and that they had substantially prevailed with respect to the amount in controversy. The court did not reach the issue of whether the fees claimed were reasonable. The court did not reach this issue and did not award litigation costs to the taxpayers because the court found that they had not established that they were the prevailing parties because they had not demonstrated that the position of the Commissioner was not substantially justified. The court based this finding on its interpretation of the term "position of the United States" to mean only the position taken by the Commissioner once litigation has commenced. Thus, to decide whether the taxpayers in this case were prevailing parties within the meaning of § 7430, we need only determine whether the Commissioner's position in the statutory notice of deficiency issued to the taxpayers constituted a "position of the United States."

The Commissioner maintains, and the Tax Court found, that the time for determining whether the Commissioner's position was not substantially justified under § 7430(c)(4)(A) was subsequent to the filing of the taxpayers' petition in the court. The rationale advanced by both the IRS and the Tax Court for using this approach is that the civil proceeding is commenced by the petition, not the deficiency notice, and "the position of the United States" is to be determined by looking to the Commissioner's position in an answer, motion or objection filed in response to the taxpayers' petition. In reaching its decision, the court relied on its decision in *Sher v. Commissioner*, 89 T.C. 79 (1987), which held that absent a showing of administrative involvement by District Counsel, the 1986 amendments to § 7430 do not reach any of the Service's prelitigation actions or inactions, including the Commissioner's action in issuing a notice of deficiency.

We disagree with the Tax Court's analysis in this case and in *Sher* for two reasons. First, we believe that once the Commissioner takes a position that leaves the taxpayer no alternative other than a judicial remedy, regardless of whether that stance is a final administrative position or a position in litigation, the IRS has taken a position which constitutes a "position of the United States" within the meaning of § 7430.

In this case we believe that the notice of deficiency issued to the taxpayers constituted the final administrative position of the IRS, regardless of whether or not the IRS's District Counsel had reviewed the notice. Once the taxpayers received the notice, they had 90 days to petition the Tax Court for a redetermination that would allow them to avoid assessment and collection of the amount stated in the notice. If the taxpayers had not filed their petition with the Tax Court and incurred the litigation costs necessary to prepare and file the petition, the IRS would have proceeded to assess and collect the $10,972 tax deficiency claimed by the notice even though, by the IRS's own admission, the deficiency notice was groundless because the service had failed to comply with the partnership audit procedures mandated by § 6221 *et seq.* The taxpayers' only alternatives to filing the petition would have been to seek injunctive relief under § 6225(b) or to pay the amount claimed by the deficiency notice and then sue for a refund. Both would have required the taxpayers to incur legal expenses. Thus, once the taxpayers received the deficiency notice, they had no choice other than to seek judicial relief and thus were forced to incur legal costs to defend their right not to pay a wrongfully assessed deficiency.

There appears to be no circuit court opinion interpreting § 7430 as amended in 1986. Nonetheless, there are a number of earlier decisions considering the question of whether the "position of the United States" includes the Commissioner's administrative actions which lead to the Tax Court proceedings or whether it is limited to the Commissioner's court litigation posture. Since both the 1982 version of § 7430(c)(2)(A) and the 1986 enactment at

issue here provide that the court is to look to the "position of the United States" in the civil proceedings, we believe that they are not materially different for purposes of determining the circumstances that constitute a position of the United States.[4] Under the 1982 formulation, the Tenth and Eleventh Circuits, and the Tax Court (in a decision vacated and remanded on other grounds by the D.C. Circuit), found that the position of the Commissioner was to be examined for reasonableness, but that examination was to be limited to the Commissioner's in-court litigating position. *Ewing and Thomas, P.A. v. Heye*, 803 F.2d 613 (11th Cir.1986); *United States v. Balanced Fin. Management, Inc.*, 769 F.2d 1440 (10th Cir.1985); *Baker v. Commissioner*, 83 T.C. 822 (1984), *vacated and remanded on other grounds*, 787 F.2d 637 (D.C.Cir. 1986). In contrast, the First, Fifth and Ninth Circuits found that the Commissioner's administrative position as well as his in-court litigating position should be examined for reasonableness. *Kaufman v. Egger*, 758 F.2d 1; (1st Cir.1985); *Powell v. Commissioner*, 791 F.2d 385 (5th Cir.1986); *Sliwa v. Commissioner*, 839 F.2d 602 (9th Cir.1988).

We find the reasoning of the Fifth Circuit in *Powell* to be persuasive. In *Powell*, the Fifth Circuit adopted an interpretation of § 7430 focusing, as we do in this case, on the Commissioner's final position as set forth in the statutory notice of deficiency:

> [I]f a taxpayer is forced to resort to litigation by an unreasonable IRS administrative position, § 7430 does not require the captious position to be ignored. The taxpayer must be the plaintiff in a Tax Court proceedings[ ]. If the IRS takes an arbitrary position and forces a taxpayer to file a suit, then, after the papers have been filed ... the taxpayer should be permitted to recover the cost of suing.

*Powell*, 791 F.2d at 391.

Second, the legislative history of § 7430 indicates to us that Congress, with some exceptions, intended to incorporate the standards applicable to the Equal Access to Justice Act (EAJA). *See* H.R.Conf.Rep. No. 841, 99th Cong., 2nd Sess. II 800–02, *reprinted in* 1986 U.S.Code Cong. & Admin.News 4888–90; Sen.Rep. 313, 99th Cong., 2d Sess. 197–99. Under the EAJA, the question of whether the government's position in a litigated matter is substantially justified is answered by examining both the government's in-court litigation conduct and any "action or failure to act taken by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). *See Trichilo v. Secretary of H & HS*, 823 F.2d 702, 707–08 (2d Cir.1987). This view is consistent with the interpretation of § 7430 employed by several other circuit courts of appeals prior to the 1986 amendments. *See, e.g., Sliwa v. Commissioner, supra,* 839 F.2d at 605–08; *Powell v. Commissioner, supra,* 791 F.2d at 389–90. We see nothing in the language of the amended version of § 7430 or in its legislative history to suggest that Congress intended to narrow the pre–1986 amendments view of § 7430 or to limit strictly an examination of the government's position solely to that taken in court.

Except for the words "District Counsel," the language of the 1986 enactment of § 7430(c)(4)(B) is identical to the formulation used by the EAJA in Title 28 U.S.C. § 2412(d)(2)(D). This further suggests to us that agency action that directly results in litigation, such as the Commissioner's issuance of a deficiency notice in this case, should be considered in assessing the government's conduct. *See Sliwa v. Commissioner*, 839 F.2d at 607 n. 6 (the 1986 amendments to § 7430 did not alter the preamendment purpose of the section to award counsel fees or litigation costs "to a prevailing party in cases where litigation is necessitated by the government's unreasonable conduct at the administrative level.")

We reverse the decision of the Tax Court, and remand the case for determination of the reasonableness of the fees re-

---

**4.** The 1982 enactment of § 7430(c)(2)(A) defined the term prevailing party to include "any party to any proceeding ... which (1) establish-
es that the position of the United States in the civil proceeding was unreasonable."

quested by the taxpayers and the entry of an award of litigation costs to the taxpayers in conformity with this opinion.