BRUCE GOLDBERG, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; BRUCE GOLDBERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bruce Goldberg, Inc. v. Commissioner
Docket Nos. 39411-86; 39412-86[1]
United States Tax Court
T.C. Memo 1990-178; 1990 Tax Ct. Memo LEXIS 191; 59 T.C.M. (CCH) 315; T.C.M. (RIA) 90178; April 4, 1990
Bruce Goldberg, pro se and as an officer of petitioner, Bruce Goldberg, Inc. *192 Sandra M. Gilmore, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge: The instant case is before us on petitioner's motion for litigation costs pursuant to Rule 231 and section 7430. [2]
Petitioner's claim for litigation costs arises out of our opinion in Bruce Goldberg, Inc. v. Commissioner, T.C. Memo. 1989-582, which we incorporate herein by reference thereto. Respondent has conceded that petitioner "substantially prevailed" within the meaning of former section 7430(c)(2)(A)(ii). [3]
A taxpayer who has "substantially prevailed" may be awarded a judgment for "reasonable litigation costs" *193 where, among other requirements, the taxpayer establishes that: (1) the "position of the United States" in the proceeding before us was not substantially justified, and (2) certain net worth requirements were met. Section 7430(c)(2)(A)(i) and (iii). Litigation costs, however, may not be awarded with respect to any period during which the prevailing party unreasonably protracted the proceeding and unless the taxpayer exhausted administrative remedies available within the Internal Revenue Service. Section 7430(b)(1) and (4). Petitioner bears the burden of proof with respect to claims for litigation costs. Rules 142(a), 232(e). As defined in section 7430(c)(1)(A), the term "reasonable litigation costs" includes "reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding" subject to a general rate cap of $ 75 per hour. Section 7430(c)(1)(A)(ii)(III).[4] Section 7430(c)(4), as applicable herein, defines "position of the United States" to include: (A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative *194 action or inaction) upon which such proceeding is based. A "civil proceeding" in this Court is commenced by the filing of a petition, Rule 20(a), and respondent's answer or other motion in response to the petition normally reveals the "position of the United States" in such proceeding. Consistent with such procedure, this Court is of the view that, under section 7430(c)(4)(B), "respondent's position includes only those actions or inactions occurring at or after the point at which District Counsel becomes involved in the proceedings." Gantner v. Commissioner, 92 T.C. 192, 194 (1989). See also Sokol v. Commissioner, 92 T.C. 760, 764-765 (1989); Egan v. Commissioner, 91 T.C. 705, 712-713 (1988); Sher v. Commissioner, 89 T.C. 79, 86-87 (1987), affd. 861 F.2d 131 (5th Cir. 1988); cf. Weiss v. Commissioner, 89 T.C. 779, 782-783 (1987), revd. 850 F.2d 111 (2d Cir. 1988). See also Nguyen v. Commissioner, T.C. Memo. 1990-72. [5]
*195 On July 8, 1986, respondent's notices of deficiency in the instant case were issued, on October 3, 1986, petitions were filed with this Court, and on December 8, 1986, respondent's answers to the petitions were filed. Prior to the issuance of the notices of deficiency, respondent undertook a criminal investigation of Bruce Goldberg, which began in early 1985 and was ended by respondent in May 1986. At trial and on brief, Bruce Goldberg appeared pro se on behalf of himself and his wholly-owned corporation. In support of his motion for litigation costs, petitioner submitted an affidavit which refers to "enclosed copies of legal fees and cancelled checks" allegedly paid for litigation costs relating to the instant case. An examination of the supporting documents, however, reveals that the majority of the statements and cancelled checks (specifically, documents representing $ 3,879.54 of the $ 4,879.54 claimed) are dated prior to the date of respondent's notices of deficiency; the bills contain references to Agent Grace, who audited petitioner's returns, and to Special Agent Day, who handled the criminal investigation of Bruce Goldberg. The remaining $ 1,000 claimed in petitioner's *196 motion is documented by an attorneys' bill dated October 31, 1986, which refers to the preparation of a Tax Court petition, and by statements indicating that such bill was satisfied through application of the $ 1,000 retainer paid to the law firm in September 1986. The bill refers to services performed between September 17, 1986 and October 2, 1986, and (consistent with petitioner's pro se appearance) includes a reference to an October 2 telephone conversation regarding "preparation of petition, but no representation." Under our interpretation of section 7430, taxpayers may be awarded attorney's fees only for expenses incurred with respect to positions taken by the United States after the filing of the petition or, if earlier, at or after the time District Counsel becomes involved in their cases. Sher v. Commissioner, supra.See also H. Rept. 99-481 (Conf.) (1986), 1986-3 C.B. 1, 802; Staff of the Joint Committee on Taxation, General Explanation of the Tax Reform Act of 1986 at 1300 (Comm. Print 1986); Wasie v. Commissioner, 86 T.C. 962, 967-968 (1986). [6] Petitioner has not asserted that District Counsel became involved in the instant case *197 prior to the preparation and filing of respondent's answers, and there is no indication in the record that any of the fees claimed by petitioner were incurred after the time of the filing of the petition. Since petitioner has failed to show that any expenses were incurred with regard to an unreasonable "position of the United States," petitioner's motion must be denied. [7]
*198 We also note that petitioners' claim for litigation costs fails to meet certain requirements of Rule 231 and section 7430. Contrary to the plain language of Rule 231(d), which requires a "detailed affidavit by the moving party or counsel for the moving party which sets forth distinctly the nature and amount of each item of costs paid or incurred for which an award is claimed" (emphasis added), petitioner's affidavit functions as no more than a "cover sheet," referring to poorly organized copies of bills, statements, and cancelled checks, some of which appear to have been altered by having words crossed out. Petitioner's motion for litigation costs also ignores the net worth requirements of section 7430(c)(2)(A)(iii). Polyco, Inc. v. Commissioner, 91 T.C. 963, 966 (1988); Doyle v. Commissioner, T.C. Memo. 1988-449; but see Hall v. Commissioner, T.C. Memo. 1989-187. In light of the above findings, we need not address respondent's alternative contentions that petitioner failed to establish that respondent's position was not substantially justified, unreasonably protracted the proceedings, and failed to exhaust administrative *199 remedies within the meaning of section 7430(b). An appropriate order will be entered. Footnotes
1. These cases were consolidated by order of the Court. For convenience, unless otherwise indicated, these cases will be collectively referred to as "the instant case," and the petitioners herein will be collectively referred to as "petitioner."↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The instant case is controlled by section 7430 as amended by sec. 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752. The further amendments made to section 7430 by sec. 6239 of the Technical and Miscellaneous Revenue Act (TAMRA) of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743, are not applicable herein.↩
4. See Cassuto v. Commissioner, 93 T.C. 256, 272-274↩ (1989) (applicability of cost of living increases with respect to allowable hourly fees). 5. There is a split in the circuits as to the meaning of section 7430(c)(4) as applicable herein. Compare Sher v. Commissioner, 861 F.2d 131 (5th Cir. 1988), affg. 89 T.C. 79 (1987), with Weiss v. Commissioner, 850 F.2d 111 (2d Cir. 1988), revg. and remanding 89 T.C. 779 (1987) ("position of the United States" includes position taken in notice of deficiency). See also Egan v. Commissioner, 91 T.C. 705, 712 n.3 (1988). The Fourth Circuit, to which an appeal would lie in the instant case, has not spoken on the issue, and we therefore follow our own precedent. Egan v. Commissioner, supra; Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940↩ (1971).
6. Section 6239 of TAMRA, supra, revised the definition of "position of the United States" to include "the position taken in an administrative proceeding" determined as of the earlier of (1) the date of the taxpayer's receipt of the notice of decision of the Internal Revenue Service Office of Appeals or (2) the date of the notice of deficiency. TAMRA also allows recovery of certain costs attributable to such time period. The amendments made by TAMRA are not applicable to the instant case, as the proceeding in question commenced prior to its enactment. See Sokol v. Commissioner, 92 T.C. 760, 763-764↩ (1989). Moreover, as we have noted above, only $ 1,000 of the $ 4,879.54 claimed by petitioner was incurred subsequent to the issuance of the notices of deficiency (and the I.R.S. Office of Appeals did not become involved until after the filing of respondent's answers). 7. In light of our findings herein, we need not address the question of whether a taxpayer who appears before us pro se may ever recover fees paid to an attorney for assistance in preparing Tax Court pleadings.↩