JAMES E. AMICK AND MARGARET E. AMICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Amick v. Commissioner
Docket No. 14899-88
United States Tax Court
T.C. Memo 1990-270; 1990 Tax Ct. Memo LEXIS 289; 59 T.C.M. (CCH) 750; T.C.M. (RIA) 90270; May 31, 1990, Filed *289 The petitioners' motion for litigation costs will be denied and decision in respect of the deficiency and additions to tax will be entered for the petitioners. Robert E. Griffin, for the petitioners. Terry Serena, for the respondent. PARR, Judge. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before us on petitioners' motion for litigation costs pursuant to section 7430 and Rule 231. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure. Before trial, the parties agreed to a settlement of the disputed deficiencies. On November 21, 1989, the Court entered an agreed decision that there was no deficiency or additions to tax due from, or an overpayment due to, petitioners for taxable year 1985. On December 26, 1989, petitioners filed a motion for attorney fees. After reviewing petitioners' motion it appeared that petitioners' counsel did not intend that the agreed decision document entered by this Court be conclusive of matters relating to petitioners' reasonable litigation costs. See, however, Rules 231(a) and 231(c). *290 Accordingly, we vacated and set the decision aside, and refiled the decision document as a "Stipulation of Settlement." See Rule 231(c). The sole issue is whether petitioners are entitled to an award of litigation costs under section 7430. FINDINGS OF FACT Respondent determined a deficiency in and additions to petitioners' joint individual Federal income tax as follows: Additions to tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1985
$ 6,532.00
$ 327.00
*
In his answer, respondent alleged additions to tax for fraud under section 6653(b)(1) and (2), of $ 3,266 and $ 5,936, respectively. Petitioners resided in Columbus, Ohio, at the time they filed their petition in this Court on June 23, 1988. On March 26, 1987, the District Director, Cincinnati, Ohio, sent petitioners the Internal Revenue Service's (IRS) "Income Tax Examination Change" dated February 27, 1987 (hereinafter referred to as the "Report"), and a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, for tax year ending December 31, 1985. The Report proposed a $ 22,879 upward adjustment to their income and a proposed *291 $ 7,604 deficiency and additions to tax under section 6653(a)(1) and (2) of $ 380 and 50 percent of the interest on the proposed deficiency, respectively. The letter accompanying the Report advised petitioners that they had 30 days in which to either sign the Form 870, or request a conference with the Appeals Office, before the IRS would automatically process the adjustments shown in the Report. Petitioners retained Robert E. Giffin, an attorney ("Mr. Giffin") to represent them. On April 22, 1987, Mr. Giffin contacted Tom Stager ("Mr. Stager"), Chief Examination Staff, IRS, Cincinnati, Ohio, regarding petitioner James Amick's taxable years 1982 through 1984, and petitioners' joint taxable year 1985. [1] Mr. Giffin sent a follow-up letter that same day. Mr. Giffin and Mr. Stager agreed that petitioners' return and proposed deficiency would be re-examined. Accordingly, petitioners did not file a protest with the IRS' Appeals Division. The IRS did not re-examine petitioners' return or *292 give them any indication that they were not going to do so. On March 23, 1988, respondent issued the notice of deficiency which gave rise to this litigation. OPINION Section 7430(a) provides that the prevailing party may be awarded reasonable litigation costs if certain conditions are met. To qualify in a proceeding commenced after December 31, 1985 and before November 10, 1988, [2] *293 petitioners must establish (1) that the "position of the United States" [3] in the proceeding was not substantially justified [sec. 7430(c)(2)(A)(i)]; (2) that they substantially prevailed in the proceeding with respect to the issues presented or amounts in controversy [sec. 7430(c)(2)(A)(ii)]; (3) that at the commencement of the proceeding they had a net worth of not more than $ 2,000,000 [sec. 7430(c)(2)(A)(iii)]; (4) that they exhausted the administrative remedies available to them within the Internal Revenue Service [sec. 7430(b)(1)]; and (5) that they did not unreasonably protract the civil proceeding [sec. 7430(b)(4)]. Petitioners have the burden of proof on all issues relating to their claim. Rule 232(e). Respondent concedes that petitioners exhausted all administrative remedies available to them. We find that petitioners' net worth did not exceed $ 2,000,000 at the commencement of the proceedings, and that they did not protract the civil proceeding. Accordingly, we need only address the first and second requirements. "Position of the United States" - Substantially Justified
Under section 7430(c)(4), as applicable herein, we have held that in determining whether respondent's position was substantially justified *294 [4] "we will not consider the reasonableness of respondent's pre-litigation position unless and until District Counsel becomes involved." Dixson International Service Corp. v. Commissioner, 94 T.C. , (May 17, 1990) (slip op. at 14). See Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988); Sokol v. Commissioner92 T.C. 760, 764-765 (1989); Gantner v. Commissioner, 92 T.C. 192, 197 (1989); Egan v. Commissioner, 91 T.C. 705, 712-173 (1988). The circuits are divided as to the meaning of "position of the United States," *295 as applicable for proceedings commenced after December 31, 1985 and before November 22, 1988. Compare Sher v. Commissioner, supra (courts can only review the position taken by the IRS after the District Counsel enters the picture) with Weiss v. Commissioner, 850 F.2d 111 (2d Cir. 1988), revg. and remanding 89 T.C. 779 (1987) ("position of the United States," includes position taken in notice of deficiency). The Sixth Circuit, to which this case is appealable, has not yet considered the issue. [5] *296 We therefore follow our own precedent. Egan v. Commissioner, 91 T.C. at 712-713. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). Here, District Counsel was not involved before the petition was filed. Accordingly, we do not review the actions of respondent's agents before that date. Petitioners allege that respondent's position was unreasonable, since (1) the IRS failed to perform the agreed reexamination or to give them any indication that it was not going to do so before issuing the notice of deficiency; (2) the revenue agent rejected the proof petitioners submitted on the proposed adjustments stating that "she would not consider any information submitted by the taxpayer as he was identified as a tax protester;'" [6] and (3) all the additional taxes respondent assessed came from accounts that were clearly *297 either IRA's or custodial accounts for petitioners' children. Petitioners' complaint for litigation costs is based entirely on the actions or inactions of a revenue agent, and not on the actions or inactions that took place after District Counsel became involved in the proceedings. These are outside the scope of actions we consider in reviewing the reasonableness of respondent's position. Sec. 7430(c)(2)(A)(i) *298 and (4). Based on the foregoing, we find petitioners failed to allege and prove any activity of respondent from which we can determine that his position in the proceeding was not substantially justified. See Hammer v. Commissioner, T.C. Memo. 1990-145. Substantially Prevailed
This proceeding was resolved in connection with a companion case, docket No. 14898-88, pertaining to James E. Amick's income tax liabilities for 1982 through 1984. That case involved issues of law and fact common to the instant case. The settlement of docket No. 14898-88 shows deficiencies and additions to tax (including negligence) against Mr. Amick. These actions could have been joined or consolidated for trial. We believe the two cases are sufficiently connected to justify respondent's position. See sec. 7430(d). To reflect the foregoing, The petitioners' motion for litigation costs will be denied and decision in respect of the deficiency and additions to tax will be entered for the petitioners. Footnotes
*. 50 percent of the interest due on $ 6,532.00.↩
1. Mr. Amick's individual income tax liabilities for taxable years 1982, 1983, and 1984 were also under examination by the IRS. Mr. Amick filed his petition for those years in 1988, docket No. 14898-88.↩
2. The Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743 amended section 7430 effective for proceedings commenced after November 10, 1988. Those amendments do not apply to this case. 3. Section 7430(c)(4) defines the "position of the United States" to include "(A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based." Section 7430(c)(4) was added to the Code in 1986 and applies to any amounts paid after September 30, 1986, in proceedings commenced after December 31, 1985. Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551(e), 100 Stat. 2085, 2753.↩
4. Section 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, changed the language from "unreasonable" to "was not substantially justified." The Code does not define the term "substantially justified," but this and other courts have held that the "substantially justified" standard is not a departure from prior laws "reasonableness standard. See Dixson International Service Corp. v. Commissioner, 94 T.C. , (May 17, 1990) (slip op. at 12 n.6); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988); Sokol v. Commissioner, 92 T.C. 760, 764 n.7 (1989); VanderPol v. Commissioner, 91 T.C. 367↩ (1988).
5. In Comer v. Commissioner, 856 F.2d 775 (6th Cir. 1988), involving a pre-TRA 1986 proceeding, the Sixth Circuit followed the First, Fifth, and Ninth Circuits' interpretation of section 7430, as in effect for proceedings commenced before January 1, 1986, holding that the "position of the United States" included pre-petition administrative action. Sliwa v. Commissioner, 839 F.2d 602 (9th Cir. 1988); Powell v. Commissioner, 791 F.2d 385 (5th Cir. 1985); Kaufman v. Egger, 758 F.2d 1 (1st Cir. 1985). On December 5, 1988, the Fifth Circuit in Sher v. Commissioner, 861 F.2d 131 (5th Cir. 1988), affd. 89 T.C. 79 (1987), held that for proceedings commenced after December 31, 1985, "courts can only review the position taken by the IRS after the District Counsel enters the picture" in determining whether the "position of the United States" was reasonable. Sher v. Commissioner, 861 F.2d at 134↩. We believe that the Sixth Circuit would follow the Fifth Circuit and this Court's precedent if confronted with the issue.
6. Petitioners alleged the following in their June 23, 1988, petition: (1) that they submitted a Form 1099 to the revenue agent which clearly reflected that the interest income belonged to their children; (2) that the Commissioner failed to deduct from his bank deposits method of recomputing income, deposits to the market access account; and (3) that they presented to the revenue agent proof of their IRA contributions, as follows: 1. Birth certificates and social security cards for their children. 2. Receipts for deposits to petitioners' accounts which showed a 1985 IRA deposit. 3. The IRS erroneously calculated excess bank deposits from transfers between accounts or new account numbers, and included custodial or guardian accounts of the Amicks' children in the Amicks' income.↩