VIRGIL E. AND LORRAINE REINHARDT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Reinhardt v. Commissioner
Docket No. 12321-92
United States Tax Court
T.C. Memo 1995-82; 1995 Tax Ct. Memo LEXIS 83; 69 T.C.M. (CCH) 1954; February 23, 1995, Filed *83 For petitioners: Raymond N. McCabe and Elwood M. Griffith, Jr. For respondent: Matthew I. Root. COLVIN
COLVIN
MEMORANDUM OPINION COLVIN, Judge: This matter is before the Court on petitioners' motion for litigation costs under section 7430 and Rule 231. Respondent determined that petitioners are liable for deficiencies in Federal income tax of $ 3,487 for 1986, $ 5,498 for 1987, $ 6,677 for 1988, and $ 6,281 for 1989. Respondent also determined that petitioners are liable for additions to tax for fraud for 1986, 1987, 1988, and 1989. Respondent alternatively alleged in the answer that petitioners are liable for negligence for those years. Petitioners conceded the deficiencies but contested the additions to tax for fraud and negligence. Respondent bore the burden of proving fraud and negligence. Sec. 7454(a); Rule 142(a) and (b). In the underlying case, we held that petitioners were not liable for the additions to tax for fraud or negligence. Reinhardt v. Commissioner, T.C. Memo. 1993-397. Petitioners seek an award for reasonable litigation costs pursuant to section 7430 and Rule 231. The only issue before the Court is whether respondent's *84 position relating to whether petitioners were liable for additions to tax for negligence and fraud was substantially justified. We hold that it was. [1]
In accordance with Rule 232, the parties have submitted affidavits and memoranda supporting their positions. We decide the motion based on petitioners' motion, respondent's objection, and affidavits and exhibits thereto, and legal memoranda provided by the parties. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the *85 years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Discussion
1. Background
A prevailing party may be awarded a judgment for reasonable administrative costs incurred in connection with administrative proceedings within the Internal Revenue Service and reasonable litigation costs incurred in connection with a court proceeding. Sec. 7430. To be entitled to an award of litigation costs under section 7430, a taxpayer must: (a) Exhaust administrative remedies. Sec. 7430(b)(1). Respondent concedes that petitioners meet this requirement. (b) Substantially prevail with respect to the amount in controversy. Sec. 7430(c)(4)(A)(ii)(I). Respondent concedes that petitioners meet this requirement. (c) Show that the position of the United States in the action was not substantially justified. Sec. 7430(c)(4)(A)(i). Respondent disputes whether petitioners meet this requirement. (d) Be an individual whose net worth did not exceed $ 2,000,000, or an owner of an unincorporated business, or any partnership, corporation, etc., the net worth of which did not exceed $ 7,000,000, when the petition was filed. Sec. 7430(c)(4)(A)(iii); 28 U.S.C. sec. 2412 *86 (d)(2)(B) (1988). Respondent concedes that petitioners meet this requirement. (e) Establish that the amount of costs and attorney's fees claimed by petitioners is reasonable. Sec. 7430(a), (c)(1) and (2). Respondent disputes whether petitioners meet this requirement. A taxpayer must meet each requirement before the Court may order an award of litigation and administrative costs under section 7430. Minahan v. Commissioner, 88 T.C. 492, 497 (1987). The taxpayer has the burden of proof for each requirement. Rule 232(e); Estate of Johnson v. Commissioner, 985 F.2d 1315, 1318 (5th Cir. 1993); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990). 2. Whether Respondent's Position Was Substantially Justified
To be entitled to an award for administrative or litigation costs, a taxpayer must show that the position of the United States was not substantially justified. Sec. 7430(c)(4)(A)(i). The position of the United States is the position taken by respondent: (a) In the court proceeding, and (b) in the administrative proceeding *87 on the earlier of, (1) the date the taxpayer receives the notice of the decision of the Internal Revenue Service Office of Appeals, or (2) the date of the notice of deficiency. Sec. 7430(c)(7). The position of the United States for purposes of petitioners' motion is the one taken in the notice of deficiency that respondent issued on March 20, 1992, and in the answer filed August 10, 1992. A position is substantially justified if it is "justified to a degree that could satisfy a reasonable person", Pierce v. Underwood, 487 U.S. 552, 565 (1988) (interpreting similar language in the Equal Access to Justice Act (EAJA), 28 U.S.C. section 2412 (1988)); Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139-140 (6th Cir. 1992) (EAJA standard applies to section 7430), affg. T.C. Memo. 1990-316; see, e.g., Hanover Bldg. Matls., Inc. v. Guiffrida, 748 F.2d 1011, 1015 (5th Cir. 1984). It is not necessarily enough that a position has enough merit to avoid sanctions for frivolousness; it must have a "reasonable basis both in *88 law and fact". Pierce v. Underwood, supra at 565; see, e.g., Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992). The legislative history suggests some factors which courts might consider in deciding what constitutes unreasonable conduct by the Commissioner: The committee intends that the determination by the court on this issue is to be made on the basis of the facts and legal precedents relating to the case as revealed in the record. Other factors the committee believes might be taken into account in making this determination include (1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant. * * * H. Rept. 97-404, at 12 (1981). In 1986, Congress changed "unreasonable" to "not substantially justified", the standard applicable to EAJA. Tax Reform Act of 1986, *89 Pub. L. 99-514, sec. 1551, 100 Stat. 2752; H. Conf. Rept. 99-841, at II-801 (1986), 1986-3 C.B. (Vol. 4) 1, 801. The purpose of the change was to conform section 7430 more closely to EAJA. H. Conf. Rept. 99-841, supra at II-801, 1986-3 C.B. (Vol. 4) at 801. The "substantially justified" standard is not a departure from the "reasonableness" standard. Weiss v. Commissioner, 850 F.2d 111, 116 (2d Cir. 1988), revg. 89 T.C. 779 (1987). The Government's position can be justified even if ultimately rejected by the Court. Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993). The fact that respondent did not prevail in the underlying litigation does not necessarily establish that the Commissioner's position was unreasonable, Broad Ave. Laundry & Tailoring v. United States, 693 F.2d 1387, 1391-1392 (Fed. Cir. 1982); Sokol v. Commissioner, 92 T.C. 760, 767 (1989); however, it remains a factor to be considered, Heasley v. Commissioner, 967 F.2d 116, 120 (5th Cir. 1992), *90 affg. in part and revg. in part T.C. Memo. 1991-189; Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991). Respondent's position in Reinhardt v. Commissioner, T.C. Memo. 1993-397 was that petitioners were liable for the addition to tax for fraud or, alternatively, for negligence. Petitioners argue that respondent's position was unreasonable because: (a) The audit was part of a project targeting The Buffalo News carriers; (b) respondent's agents noted that petitioners appeared to be unable to understand their tax situation; and (c) respondent asserted that petitioners were liable for the additions to tax for fraud without having evidence of fraudulent intent. We disagree. We believe respondent had a reasonable basis in fact. Respondent investigated this case, met with petitioners and their representative, and obtained evidence supporting respondent's position. For example, respondent knew that petitioners reported only the amount of income shown on their Forms 1099 and did not report gross receipts or the cost of goods sold. Respondent did not know that petitioners believed *91 that this was proper, a belief reinforced by their justifiable reliance on their tax return preparers. Respondent knew that The Buffalo News generally had its district managers interview their new independent dealers and inform them of aspects of being a dealer such as the dealer's responsibility to keep records, but did not know that procedure was not used for petitioners. Respondent did not know petitioners had check registers until petitioners provided them on the day of trial. Respondent did not know until after the trial that petitioners regularly deposited more than three-fourths of their receipts from newspaper collections into their checking account. Respondent did not know that Charles J. Mendola, petitioners' return preparer, made up deductions for petitioners by assigning categories and amounts without petitioners' knowledge. We conclude that respondent had a reasonable basis in fact based on the investigation of this case before trial. We also conclude that respondent's position that petitioners were liable for the additions to tax for fraud or alternatively for negligence for 1986 to 1989 had a reasonable basis in law. Petitioners have not disputed the legal standard *92 applied by respondent here, but disputed only whether respondent had a reasonable basis to believe how that standard applied to petitioners. We hold that respondent's position was substantially justified and that petitioners are not entitled to an award for litigation costs under section 7430. Petitioners' motion will therefore be denied. An appropriate order will be issued. Footnotes
1. Thus, we need not decide whether litigation costs include costs related to: (a) Petitioners' settlement of/concession of the deficiencies asserted by respondent; (b) a possible offer in compromise; (c) petitioners' New York State income tax case; (d) whether special skills were required by petitioners' counsel to warrant an award of attorney's fees higher than $ 75 per hour, adjusted for increases in the cost of living; and (e) whether the number of hours billed by petitioners' counsel was reasonable.↩