**Edith LIBUTTI, doing business as Lion Crest Stable, a sole proprietorship, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 94–CV–1114.

United States District Court, N.D. New York.

Oct. 31, 1995.

Miller, Griffin & Marks, Lexington, KY, for plaintiff.

Hinman, Howard & Kattell, Paul T. Sheppard, Binghamton, NY, for plaintiff.

U.S. Department of Justice, Tax Division, Steven E. Cole, George P. Eliopoulos, Washington, DC, for United States.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

## I. INTRODUCTION

This motion is brought by the plaintiff, EDITH LIBUTTI, d/b/a LION CREST STABLE, seeking reasonable attorneys' fees and litigation costs, including attorneys' fees, pursuant to 26 U.S.C. § 7430.[1] This motion is made following a favorable decision in a bench trial, commenced before this court on March 28, 1995. The government has appealed the court's decision in this case to the Circuit Court of Appeals for the Second Circuit.

## II. BACKGROUND

On July 6, 1994, Edith LiButti, doing business as Lion Crest Stable ("Lion Crest"), brought the racehorse "Devil His Due" to Saratoga, New York to run in the Whitney Handicap on August 27, 1994. On August 25, 1994, the United States Internal Revenue Service ("IRS") delivered a Notice of Seizure and Levy to Devil His Due's trainer at Sara-

---

1. The sum total of attorneys' fees, litigation costs, and expenses sought by the plaintiff is $189,-956.41.

toga. The levy was made against Edith LiButti d/b/a Lion Crest Stable "as nominee of Robert LiButti to the extent of his interest in the thoroughbred race horse named Devil His Due."

On August 26, 1994, Lion Crest Stable and the IRS entered into an agreement which allowed Devil His Due to run in the Whitney Handicap race. Lion Crest Stable agreed not to file suit against the IRS under 26 U.S.C. § 7426 until August 30, 1994. Any money Devil His Due earned in the Whitney[2] was to be held in escrow until: (1) the government permitted Lion Crest Stables to withdraw all or some of the earnings; (2) Lion Crest Stables obtained a court order allowing it to withdraw the earnings; or (3) Lion Crest Stables and the government entered into a second agreement with regard to the disposition of earnings. On September 2, 1994, the plaintiff commenced this action pursuant to 26 U.S.C. § 7426 seeking a permanent injunction barring the IRS from enforcing a levy that sought to seize a thoroughbred racehorse, Devil His Due, to satisfy a tax assessment against Robert LiButti, Edith LiButti's father, and seeking a release of the race winnings of Devil His Due that were being held in escrow by the IRS. The plaintiff claimed that the levy has been wrongfully placed on the horse.

The court heard a preliminary injunction motion brought by the plaintiff on September 8 and 9, 1994, which essentially sought to lift the levy until such time as the merits of the 26 U.S.C. § 7426 action could be heard. A preliminary injunction was granted which allowed the horse to continue the racing season, but which denied lifting of the levy.

On October 26, 1994, the government filed suit against Robert Libutti, Joan Libutti (Edith LiButti's mother), and Edith Libutti in the District of New Jersey. The government sought a stay of the Northern District of New York action until final judgment had been entered in the New Jersey action. The court denied this motion.

A three-day bench trial in this action commenced on March 28, 1995. On August 4, 1995, the court issued a Memorandum, Decision, and Order, and a judgment was filed on August 9, 1995, in favor of the plaintiff. The government has appealed.

The plaintiff seeks those costs and fees recoverable under 26 U.S.C. § 7430, and asserts compliance with the statutory requirements. The government contends that the plaintiff is not entitled to such costs and fees. It is the government's position that the plaintiff has failed to exhaust the administrative remedies set forth in the Internal Revenue Code, that the plaintiff has failed to meet the net worth requirement set forth in the statute, and that the plaintiff has failed to show that the government's position was unreasonable.

## III. DISCUSSION

### A. Recovery Of Litigation Costs And Attorneys' Fees Pursuant To 26 U.S.C. § 7430

"In any ... court proceeding which is brought by or against the United States in connection with [actions pursuant to Title 26 of the United States Code], the prevailing party may be awarded ... reasonable litigation costs incurred in connection with such court proceeding." 26 U.S.C. § 7430. To qualify for an award of fees and costs, the taxpayer must show that he/she: (1) is a party as defined in 28 U.S.C. § 2412(d)(2)(B); (2) has met certain procedural prerequisites as set forth in 28 U.S.C. § 2412(d)(1)(B); (3) has exhausted the prescribed administrative remedies to the satisfaction of the court as required by 26 U.S.C. § 7430(b)(1); and (4) has prevailed in the action as defined in 26 U.S.C. § 7430(c)(4)(A). The court will consider each requirement seriatim.

#### 1. Status As A Party

To qualify as a prevailing party for the purpose of collecting fees and costs under 26 U.S.C. § 7430, the plaintiff must, *inter alia*, "meet the requirements of section 2412(d)(2)(B) of [ ] title 28." 26 U.S.C. § 7430(c)(4)(A)(iii). Pursuant to 28 U.S.C. § 2412(d)(2)(B)(ii), a "party" means "any owner of an unincorporated business, or any partnership, corporation ... or organization, the net worth of which did not exceed

---

**2.** Devil His Due placed second, earning approximately $77,000.

$7,000,000 at the time the civil action was filed."[3] In the instant case, the plaintiff is Edith LiButti d/b/a Lion Crest Stable, and thus, must comply with 28 U.S.C. § 2412(d)(2)(B)(ii). The government has stated in its papers in opposition to the instant motion that the plaintiff has failed to meet the requirements set forth in the aforementioned subsection. However, the plaintiff, in reply papers submitted to the court, has shown that Lion Crest Stables had a net worth of less than $7,000,000 and employed less than 500 employees at the time this civil action was commenced. Accordingly, the plaintiff has complied with the net worth requirement for recovery of attorneys' fees and litigation costs pursuant to 26 U.S.C. § 7430.

### 2. Procedural Prerequisites

The government has not argued that the plaintiff has failed to comply with the procedural prerequisites as set forth in 26 U.S.C. § 7430 (*referencing*, 28 U.S.C. § 2412(d)(1)(B)). The court finds that the plaintiff has complied with 28 U.S.C. § 2412(d)(1)(B), but declines to examine that issue at length herein.

### 3. Exhaustion Of Administrative Remedies

■ "A judgment for reasonable litigation costs shall not be awarded [ ] in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service." 26 U.S.C. § 7430(b)(1).[4] To satisfy this section, and thereby exhaust the administrative remedies, the taxpayer involved in a dispute with the Internal Revenue Service must "prior to filing an action in a court of the United States ... submit[ ] to the district director ... a written claim for relief" setting forth the basis for such claim, and receive a written denial of that claim. 26 C.F.R. § 301.7430–1(d). At such time, the taxpayer has exhausted his/her administrative remedies. It should be noted that if the district director fails to act upon a written claim within five (5) days, the taxpayer is deemed to have exhausted his/her administrative remedies. *Id.* Having satisfied the statute, the taxpayer may then commence an action in a court of law. This is not to say that a case may not be maintained prior to satisfying 26 U.S.C. § 7430(b)(1), however, failure to comply with that section will by its express terms preclude the imposition of reasonable litigation costs, including attorneys' fees, in favor of the prevailing party.

The government argues that the plaintiff has failed to satisfy the requirements set forth above in that the plaintiff did not submit a written claim to the district director. It is the government's position that by not submitting a written claim to the district director, the plaintiff has not complied with 26 U.S.C. § 7430 and cannot bring about a waiver of sovereign immunity. Accordingly, the government concludes that the plaintiff may not recover reasonable litigation costs.

The plaintiff contends that the administrative procedures have been complied with. In support of the plaintiff's position, the court was provided with numerous pieces of correspondence between plaintiff's counsel and the district counsel to the IRS. It is clear from the September 1, 1994 and September 2, 1994 letters from the district counsel to the plaintiff's attorneys that it was the IRS's "position that [plaintiff's father] has a beneficial interest in the horse named Devil His Due."[5] It is also clear from the letters that the IRS refused to proceed with the "offer-in-compromise procedure" until "the nominee issue has been resolved." Upon reaching this apparent impasse, the plaintiff filed this lawsuit to resolve that very issue.

■ As a general rule, if the government waives its sovereign immunity, such as in 26

---

**3.** The net worth requirement for individuals is set forth in 28 U.S.C. § 2412(d)(2)(B)(i) ("... net worth did not exceed $2,000,000 at the time the civil action was filed ...").

**4.** The Court notes that requiring the exhaustion of administrative remedies is favored, as it "creates a reasonable division of labor between agency and court." *Kenlin Industries v. U.S.*, 927 F.2d 782, 786 (4th Cir.1991) (*quoting, Mullins Coal Co. v. Clark*, 759 F.2d 1142, 1145 (4th Cir.1985)).

**5.** Referred to in correspondence as the "nominee issue."

U.S.C. § 7430, such waiver "must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 2701–02, 69 L.Ed.2d 548 (1981). In the instant case, the plaintiff claims to have sought the review of the district director. However, there is no documentation before the court evincing such an effort to seek administrative appeal, as mandated by 26 C.F.R. § 301.7430–1(d). The plaintiff points to correspondence with the district counsel, relating to an offer-in-judgment, as proof of compliance with the regulations. Yet, the letters, at best, show that the plaintiff was engaged in discussions aimed at obtaining some form of settlement. The letters from the district counsel explicitly state that the nominee issue needed to be resolved. The plaintiff chose to seek resolution in the district court, and was successful. However, for the purposes of later seeking fees, the plaintiff should have submitted a claim to the district director before proceeding to file suit in the federal court.

The plaintiff cites cases where the failure to adhere strictly to the treasury department regulations did not foreclose the imposition of an award of litigation costs. *See Kaufman v. Egger,* 758 F.2d 1, (1st Cir.1985); *Weiss v. Commissioner,* 850 F.2d 111 (2d Cir.1988). However, those cases are exceptions to the general rule, and are not on all fours with the instant case.

In *Kaufman,* the plaintiffs had no notice that the IRS planned to conduct an audit of their financial records, because the notice was sent to the wrong address. 758 F.2d at 2. A subsequent adjustment of their tax liability was also sent to the wrong address. *Id.* The first indication that the plaintiffs had that they faced a problem with the IRS was one year later when their tax refund was withheld and applied against the alleged tax liability. Moreover, the court found that the fault of this failure to notify was entirely that of the IRS. The *Kaufman* court determined that *under the circumstances of that case* the plaintiffs could be excused from failing to exhaust their administrative remedies. 758 F.2d at 3.

In the instant case, there is no failure of notification. In fact, the plaintiff's counsel has corresponded with the district counsel on a number of occasions. Moreover, there can be no finding of "fault" on the part of the IRS as in *Kaufman.* Even if the plaintiff could show that the government was unreasonable, as the plaintiff argues in her papers, that fact alone would not excuse the plaintiff from complying with the clear statutory mandate. *See, generally Madan v. U.S. by & Through IRS,* 850 F.Supp. 148 (N.D.N.Y.1994); 26 U.S.C. § 7430(b)(1). At best, it would be one factor for the court to consider when determining whether the totality of the record warrants excusing a plaintiff from strict compliance with the statute. *See Kaufman,* 758 F.2d at 3.

In *Weiss,* the court found that the position of the Commissioner of Internal Revenue constituted the "final administrative position of the IRS" such that the plaintiffs had no remedy available except to commence an action in court. 850 F.2d at 115. Significantly, whether the district counsel had reviewed the subject notice of deficiency had no bearing on the decision of the court. *Id.*

In this case, the correspondence from the district counsel indicates that no *final* position of the IRS is set forth. Although the district counsel states in its September 1, 1994 letter that it is the IRS' position that Edith LiButti's father had an ownership interest in the horse, the district counsel also states that "[i]f Mr. LiButti disclaims any ownership . . . in the horse then I would suggest that the Service would be unable to evaluate the merits of any offer submitted until the nominee issue is resolved." The court finds that a reasonable inference to be drawn from the express language of the letter is that the government has identified a threshold issue to be resolved before proceeding further with the negotiations relating to an offer-in-compromise. The court cannot conclude that the government left "the taxpayer no alternative other than a judicial remedy . . ." *Weiss v. Commissioner,* 850 F.2d at 115. To the contrary, the plaintiff had the option [6] to submit a written claim to

---

6. And pursuant to 26 U.S.C. § 7430(b)(1) the    obligation.

the district director "reciting facts and circumstances sufficient to show the nature of the relief requested and that the party is entitled to such relief ..." 26 C.F.R. § 301.7430–1(d)(1)(i). This the plaintiff did not do. Moreover, the plaintiff would then have had to wait no more than five (5) days for a denial or for inaction on the part of the district director to satisfy 26 U.S.C. § 7430(b)(1). *See* 26 C.F.R. § 301.7430–1(d)(1)(ii)–(2)(ii). Thus, the plaintiff has failed to meet the threshold requirements of 26 U.S.C. § 7430, and the plaintiff's motion for reasonable litigation costs should be denied.

■ The court is aware that its decision on this motion may seem to be a harsh result, given its decision at trial. However, the court is constrained by the doctrine that favors strict construction of any waiver of governmental immunity, and the express mandate of the statute. Moreover, it is clear from the facts and circumstances of this case that compliance with 26 U.S.C. § 7430(b)(1) required only minimal time and effort. Thus, a party should only be excused from strict compliance in truly exceptional cases.

### 4. Prevailing Party

The court need not address the issue of whether the plaintiff was a prevailing party within the meaning of 26 U.S.C. § 7430, because the failure to exhaust the administrative remedies precludes the recovery of fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the plaintiff's motion for reasonable litigation costs, including attorneys' fees, pursuant to 26 U.S.C. § 7430, is DENIED.

**IT IS SO ORDERED.**