PERRY L. HALL AND JANICE R. HALL, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Hall v. Commissioner
Docket Nos. 25574-86; 25811-86; 26259-86.
United States Tax Court
T.C. Memo 1989-187; 1989 Tax Ct. Memo LEXIS 187; 57 T.C.M. (CCH) 232; T.C.M. (RIA) 89187; April 26, 1989; As corrected April 26, 1989 *187 Held, reasonable litigation costs awarded. Dale C. Allen, for the petitioners. Kirk S. Chaberski, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Chief Judge: This matter is before the Court on petitioners' Motion to Revise Decision Regarding Rule 231 Motion For Award of Reasonable Litigation Costs filed on October 19, 1988 ("Motion to Revise Decision"). (All Rule references are to the Tax Court Rules of Practice and Procedure. Similarly, all section references are to sections of the Internal Revenue Code as in effect for the year at issue.) Petitioners on whose behalf this Motion was filed are Perry L. and Janice R. Hall, Ray D. and Lily M. Hall, and Kenneth D. and Judy L. Travis and are hereinafter referred to collectively as petitioners. Petitioners previously filed a Motion for Award of Reasonable Litigation Costs pursuant to Rule 231 on November 16, 1987 ("Motion for Costs"). Respondent filed a response to petitioners' Motion for Costs on February 8, 1988. On September 20, 1988, we *189 issued a Memorandum Opinion denying petitioners' Motion for Costs. Hall v. Commissioner,T.C. Memo. 1988-450. Respondent originally determined the following deficiencies and additions to tax: Additions to Tax
Petitioners
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Perry L. Hall and
1982
$  2,925.99
$ 1,463.00
50% of interest
Janice R. Hall
on $ 2,925.99
Ray D. Hall and
1982
10,848.80
5,424.40
50% of interest
Lily M. Hall
on $ 10,848.80
Kenneth D. Travis and
1982
3,786,23
1,893.12
50% of interest
Judy L. Travis
on $ 3,786,23
Factual Background
Petitioners resided in Morristown, Tennessee, at the time they filed their petitions in this case. Petitioners supplemented their incomes by forming a joint venture called T & H Investments, which was engaged primarily in a refund discounting or purchasing operation. Petitioners' operation generated revenues by purchasing Federal income tax refunds from third-party taxpayers at a discount. Each refund check purchased would then be mailed directly from respondent to petitioners' business address. *190 Petitioners timely filed their own returns with the Memphis Service Center. Respondent performed an internal audit of petitioners' returns using a computer program which produces a list of all refund checks over $ 300 going to a single address known as a "Cumulative Duplicate Address File Printout." Respondent's program generated a list which stated that some 40 checks totaling over $ 100,000 had been sent to petitioners. The printout alerted respondent to petitioners' refund discounting operation which apparently almost automatically resulted in an audit. Petitioners and respondent were unable to come to a settlement agreement. On April 2, 1986, petitioners' files were turned over to District Counsel in Nashville, Tennessee. Respondent issued statutory notices of deficiency on April 14, 1986. Petitioners filed their petitions herein on July 7, 1986. On September 16, 1986, respondent filed his answer in docket No. 25574-86. On September 18, 1986, respondent filed his answers in docket Nos. 25811-86 and 26259-86. Petitioners filed a Motion to Compel Discovery on October 2, 1987. Petitioners' cases were consolidated for trial on November 4, 1987. In preparation for trial, *191 on July 13, 1987, respondent's counsel contacted the Memphis Service Center in an attempt to produce the 40 checks listed on the computer printout. The Memphis Service Center produced only eight checks. It is apparently agreed that the computer program erred in listing 40 checks totaling over $ 100,000. Respondent's counsel thereafter reached a settlement agreement with petitioners. The stipulated settlement agreement provided for the following deficiencies and additions to tax: Additions to Tax
Petitioners
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Perry L. Hall and
1982
$ 1,932.47
--
--
Janice R. Hall
Ray D. Hall and
1982
--
--
--
Lily M. Hall
Kenneth D. Travis and
1982
2,647.00
--
--
Judy L. Travis
We originally denied petitioners' Motion for Costs on the ground that petitioners failed to comply with section 7430(c)(2)(A)(iii) (now section 7430(c)(4)(A)(iii)) which through the mechanism of 5 U.S.C. section 504(b)(1)(B) (1982) requires that a petitioner seeking reasonable litigation costs must be "an individual whose net worth did not exceed $ 2,000,000 at the time the adversary *192 adjudication was initiated." In response to our Opinion petitioners filed the Motion to Revise Decision herein, along with individual affidavits for the consolidated petitioners asserting that their individual net worths are "significantly less than" the $ 2,000,000 ceiling. Discussion
We took under advisement petitioners' Motion to Revise Decision, the essence of which is that petitioners' failure to attach affidavits of their net worths to their Motion for Costs "was excluded by Petitioners' counsel by oversight," with the implication being that such oversight should not bar the Court from reaching the merits of petitioners' claim for costs. Upon due consideration, we agree with petitioners. Although set forth in section 7430(c)(2)(A)(iii), the net worth requirement is not listed in the detailed Motion requirements of Rule 231. Therefore, even though petitioners' counsel erred in his oversight, upon further reflection we agree that it would be unduly harsh in this particular instance to dismiss petitioners' claim before having reached its merits. See Egan v. Commissioner,91 T.C. 705 (1988). Section 7430(c)(2) sets forth the definitional requirements *193 of the term "prevailing party" as used in section 7430(a). Section 7430(a) establishes that a taxpayer must satisfy the prevailing party test of section 7430(c)(2) to be entitled to "reasonable litigation costs." Section 7430(c)(2), as amended by the Tax Reform Act of 1986, lists the following three requirements: (1) the government's position in the proceeding was "not substantially justified;" (2) the taxpayer must have "substantially prevailed with respect to the amount in controversy, or [have] substantially prevailed with respect to the most significant issue or set of issues presented;" and (3) the taxpayer, an individual, must have a net worth not exceeding $ 2 million. As discussed above, we now accept the fact that petitioners, respectively, satisfy the net worth requirement. Petitioners, however, must also prove that they satisfy the remaining two tests of section 7430(c)(2) by a preponderance of the evidence. Rule 142. As outlined above, petitioners must first show that respondent's position in the proceeding was not substantially justified. Section 7430(c)(2)(A)(i) (now section 7430(c)(4)(A)(i)). Our analysis proceeds from the time at which District Counsel became *194 involved in the dispute and does not include any administrative actions prior to that time. Egan v. Commissioner, supra; cf. Weiss v. Commissioner,850 F.2d 111 (2d Cir. 1988), affg. 88 T.C. 1036 (1987), revg. 89 T.C. 779 (1987). We note that the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, inter alia, amended section 7430(a) to confer jurisdiction on this Court to review proceedings and issue a decision therein granting or denying an award for reasonable administrative costs for cases commenced after November 10, 1988. Gantner v. Commissioner,92 T.C. 192, 196 (1989). District Counsel first became involved in this case on April 2, 1986, at which time he proceeded primarily on the basis of the erroneous Memphis Service Center computer printout. District Counsel affirmatively denied in his answer petitioners' assertion that the computer printout was erroneous. Instead of examining the underlying checks, District Counsel questioned, without factual support, petitioners' assertions and continued to allege fraud. Neither District Counsel's answer nor his continuation *195 of the case at this point were substantially justified. Stieha v. Commissioner,89 T.C. 784 (1987). Additionally, District Counsel was not substantially justified in his failure to produce checks supporting his computer printout. Respondent's inaction led petitioners to file a Motion to Compel Discovery on October 2, 1987, over one year after District Counsel filed respondent's answer. The Memphis Service Center produced only eight checks, on October 28, 1987, over one year after respondent's answer was filed and over one and one-half years after respondent had first determined additions to tax for fraud against petitioners. Such delay should have put respondent's counsel on notice as to the quality of the evidence involved, or the lack thereof. Although District Counsel requested the checks from the Memphis Service Center on July 13, 1987, and its delay in responding was not necessarily District Counsel's fault, respondent's response and the protracted nature of this litigation support the view that the position of the United States in this case was not substantially justified. The term "position of the United States" includes the position taken by the United *196 States in the civil proceeding, and any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based. Section 7430(c)(4). (For proceedings commenced after November 10, 1988, see section 7430(c)(7).) The proceeding herein was based on District Counsel's inaction insofar as producing the alleged 40 refund checks from the Memphis Service Center, or for that matter the eight checks which were produced, in a timely fashion. District Counsel explains in his response to petitioners' Motion for Costs that he requested "copies of each refund check which had allegedly been mailed" to petitioners only after it became clear that settlement negotiations would fail and further evidence would be necessary for trial. District Counsel's explanation leads us to conclude that he filed his answer (in which fraud was alleged), and disregarded petitioners' assertion that the computer printout was inaccurate, primarily as an attempt to encourage a settlement most favorable to the government. The computer error in this case highlights the inappropriateness of District Counsel's proceeding *197 on the basis of facts presumed true, but unsupported by evidence. Respondent was "not substantially justified" in proceeding with his case when he had no supporting evidence. Petitioners also satisfy the requirements of section 7430(c)(2)(A)(ii) (now section 7430(c)(4)(A)(ii)). They both "substantially prevailed with respect to the amount in controversy" and "substantially prevailed with respect to the most significant issue." Respondent originally asserted a total of $ 17,561.02 in deficiencies and in excess of $ 8,780.52 in additions to tax for fraud against all of the petitioners. The final settlements resulted in a combined liability of $ 4,579.47 for two of the three sets of petitioners and none for the third, or 17 percent of the original determinations in the deficiency notices. Importantly, none of the settlement amount was attributed to fraud as originally determined. Petitioners, jointly and severally, substantially prevailed with respect to the amount in controversy. The most significant issue was whether petitioners failed to report 40 refund checks totaling over $ 100,000. Petitioners "substantially prevailed" with respect to this issue since not 40, but eight *198 refund checks were produced by respondent. The 40 refund checks originally alleged must be attributed to computer error in respondent's "Cumulative Duplicate Address File Printout." The final issue to be resolved is the amount, if any, of reasonable litigation costs to be awarded to petitioners. Petitioners' counsel claims $ 5,831.76 in litigation costs. Although we agree that some award is proper, we do not agree with the claimed amount. Petitioners' counsel lists the following amounts billed to petitioners for his services: Date of Bill
Bill Number
Amount
8/4/86
927
$ 1,008.28
12/3/86
1353
647.41
2/3/87
1752
4,470.78
6/3/87
2342
328.22
10/6/87
2886
599.90
11/3/87
2999
1,027.17
November 88
750.00
Petitioner's counsel states in his affidavit that the "bulk" of his first four bills were "for preparing for two major appeals conferences and the collection and preparation of follow-up materials requested by the Appellate [Appeals] Division." We reject petitioners' claim for the costs of these four bills. Although District Counsel was involved in petitioners' case by the time these bills were submitted (but not at *199 the time the services were rendered), we refrain from awarding costs associated with administrative actions as being outside of the statutory guidelines of section 7430 as it applied for the year at issue. See Egan v. Commissioner, supra.In addition, we feel that it would be improper to allow the $ 750.00 November 1988 bill which we infer is petitioners' counsel's charge for the Motion to Revise Decision herein. As petitioners' counsel stated in such Motion, his failure to attach net worth affidavits to petitioners' original Motion for Costs was due to his oversight. It would be inappropriate to impose those costs on the government, which costs are the direct result of petitioners' counsel's admitted oversight. This brings us to our final calculation. Petitioners' counsel states that his bills of October 6, 1987, and November 3, 1987, relate to his "efforts in dealing with District Counsel." These bills total $ 1,627.07. We award such amount as reasonable litigation costs within the statutory framework of section 7430. Per Order dated this day, Hall v. Commissioner,T.C. Memo. 1988-450, has been withdrawn. For the foregoing reasons, petitioners' *200 Motion to Revise Decision will be granted. An appropriate order and decision will be entered.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Ray D. Hall and Lily M. Hall, docket No. 25811-86; and Kenneth D. Travis and Judy L. Travis, docket No. 26259-86.↩