JAMES AND NOREEN AVANCENA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Avancena v. Commissioner
Docket No. 28026-89.
United States Tax Court
T.C. Memo 1992-337; 1992 Tax Ct. Memo LEXIS 366; 63 T.C.M. (CCH) 3133; June 15, 1992, Filed *366 An appropriate order and decision will be entered. Jane Moretz Edmisten, for petitioners. David L. Click, for respondent. CANTREL
CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
This matter is before the Court on petitioners' Motion for Attorney's Fees and Litigation Costs (motion for costs) under section 7430 and Rule 231. By statutory notice of deficiency dated September 7, 1989, respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1986 in the amount of $ 2,905. She further determined additions to tax for negligence under section 6653(a)(1)(A) in the amount of $ 145, and under section 6653(a)(1)(B) in the amount of 50 percent of the interest due on $ *367 2,905. At the calendar call for the case, the parties submitted a signed Stipulation of Settlement in which they agreed that there is no deficiency in income tax due from, nor overpayment due to, petitioners for 1986. Respondent concedes that petitioners have substantially prevailed on the contested issue. The issues for decision are: (1) Whether petitioners have demonstrated that they meet the net worth requirements of section 7430(c)(4)(A)(iii) and the Equal Access to Justice Act (EAJA), 28 U.S.C. section 2412(d)(2)(B) (1986) as set forth in Rule 231(b)(5); (2) whether petitioners exhausted all administrative remedies; (3) whether respondent's position relating to a deduction of mortgage interest on petitioners' 1986 tax return was not substantially justified; and (4) the amount of litigation costs to be awarded. In accordance with Rule 232, the parties have submitted affidavits and memoranda supporting their positions. We decide the motion for costs based on petitioners' motion, respondent's objection, petitioners' response to respondent's objection, and affidavits and exhibits provided by both parties. There are conflicts of facts presented by each party. Neither party *368 requested a hearing, however, and we conclude that a hearing is not necessary for the proper consideration and disposition of this motion because the facts in dispute are not relevant to our conclusion. Rule 232(a)(3). The relevant facts as drawn from the record are set out below. Background
Petitioners were husband and wife residing in Potomac, Maryland, when they filed their petition in this case. On their 1986 Federal income tax return petitioners claimed a deduction on line 11a of Schedule A, Itemized Deductions, for home mortgage interest in the amount of $ 15,158. In addition, petitioners claimed a deduction on line 13 of Schedule A for other interest paid in the amount of $ 12,143. On a supporting schedule for Schedule A, petitioners detailed the other interest paid as follows: Lending Institution
Amount paid
Dominion Bank
$ 2,446
Dominion Bank 258
Dominion Fed
1,684
Home Unity
3,998
Sovran Bank
25
Sovran Bank
31
Riggs Bank
835
Riggs Bank
102
Riggs Bank
2,616
Riggs Bank
148
Total
$ 12,143
No supporting schedule was attached for the home mortgage interest deduction claimed on line 11a of Schedule A. By form letter CP-2000, dated February *369 28, 1989, the Internal Revenue Service Center in Philadelphia, Pennsylvania (the Philadelphia Service Center or the Service Center), sent petitioners a Notice of Proposed Changes to Income, Payments, Credits, or Deductions (the Notice), which stated, among other things, the following: HOME MORTGAGE INTEREST THE AMOUNT OF HOME MORTGAGE INTEREST YOU CLAIMED AS AN ITEMIZED DEDUCTION WAS NOT SUBSTANTIATED BY YOUR LENDER OR IS LARGER THAN THE AMOUNT REPORTED BY YOUR LENDER. PLEASE PROVIDE VERIFICATION OF THE AMOUNT YOU CLAIMED ON SCHEDULE A, LINE 11A. AMOUNTS REPORTED TO IRS BUT NOT IDENTIFIED, FULLY REPORTED, OR CORRECTLY DEDUCTED ON YOUR INCOME TAX RETURN FOR 1986. DOMINION BANK * * * ISSUED 1098 TO [SSN] MORTGAGE INTEREST $ 1,684 ACCOUNT NUMBER * * * DOMINION FEDERAL SAVINGS * * * ISSUED 1098 TO [SSN] MORTGAGE INTEREST $ 7,545 ACCOUNT NUMBER * * * The Notice advised petitioners, among other things, as follows: PLEASE COMPARE YOUR RECORDS WITH THE INFORMATION SHOWN * * *. BECAUSE OF THE CHANGES, THERE IS AN INCREASE IN YOUR TAX AND YOU HAVE A BALANCE DUE. IF YOU AGREE THAT THE CHANGES ARE CORRECT, SIGN THE CONSENT AT THE BOTTOM OF THIS PAGE, ENCLOSE YOUR PAYMENT *370 IF POSSIBLE, AND RETURN IT IN THE ENCLOSED ENVELOPE. IF YOU BELIEVE THE PROPOSED CHANGES ARE NOT APPROPRIATE, OR THAT THE INFORMATION PROVIDED TO US WAS INCORRECT, IT IS IMPORTANT THAT WE RECEIVE YOUR SIGNED STATEMENT OF EXPLANATION AND SUPPORTING DOCUMENTATION AT THE ADDRESS SHOWN ABOVE, WITHIN 30 DAYS OF THE DATE OF THIS NOTICE (OR 60 DAYS IF IT IS ADDRESSED TO YOU OUTSIDE THE UNITED STATES). IF WE DO NOT RECEIVE YOUR RESPONSE WITHIN THIS PERIOD, WE WILL ASSUME THE PROPOSED CHANGES TO YOUR TAX RETURN ARE NECESSARY. YOU WILL THEN RECEIVE A NOTICE OF DEFICIENCY OF TAX (WHICH YOU MAY CONTEST IN COURT IF YOU BELIEVE YOU DO NOT OWE THE ADDITIONAL TAX), FOLLOWED BY A FINAL BILL FOR THE AMOUNT SHOWN ON PAGE 2. (SEE ENCLOSED PUBLICATION FOR YOUR APPEAL RIGHTS). On September 7, 1989, after receiving no response to the Notice, the Philadelphia Service Center issued a notice of deficiency (the statutory notice) to petitioners in which petitioners' taxable income for 1986 was increased by $ 5,929. This increase represents the difference between the amount of home mortgage interest deduction petitioners claimed on their 1986 tax return ($ 15,158) less the amount reported to respondent *371 on Forms 1098, Mortgage Interest Statement, as home mortgage interest paid by petitioners ($ 1,684 plus $ 7,545 equals $ 9,229). Petitioners' accountant, Everett M. Raffel (Mr. Raffel), responded to the statutory notice on September 12, 1989, by mailing to the Philadelphia Service Center a copy of a Form 1098 for 1986 issued to petitioner Noreen B. Avancena by Home Unity Mortgage Service, Inc. (Home Unity) reflecting payment of mortgage interest in the amount of $ 7,022.13. In his cover letter, Mr. Raffel stated, among other things, the following: Enclosed please find copy of your latest letter of 9 September 1989 [sic] reiterating a deficiency in individual tax payments for the year 1986 based upon an apparent non-appearance in your records of a mortgage payment by taxpayers. This office is again enclosing copies of the 1098 issued to taxpayers by Home Unity Mortgage and a copy of the annual loan statement by said mortgagor which verifies the properly claimed deduction by taxpayers, and thus there would be no deficiency in tax payments. There is no evidence in the record that the Philadelphia Service Center ever received a copy of the Form 1098 from Home Unity or Mr. Raffel *372 before the Service Center issued the statutory notice to petitioners. Nor is there any evidence that Mr. Raffel or petitioners ever mailed a copy of that form to the Philadelphia Service Center before the Service Center issued the statutory notice to petitioners. On October 18, 1989, petitioner James Avancena (Mr. Avancena) called the Philadelphia Service Center about the statutory notice and talked to Ms. Harriet Kramer (Ms. Kramer). In brief, Mr. Avancena informed Ms. Kramer that his accountant twice before had forwarded verification for the 1986 home mortgage interest deduction. Ms. Kramer could not locate the administrative file for petitioners' 1986 return. She speculated that an examiner was reviewing the documentation and suggested that Mr. Avancena call back in 3 weeks. Mr. Avancena attempted to call the Philadelphia Service Center again on November 8 and 9, 1989, but the telephone lines were busy each time he called. Thereafter, on November 21, 1989, petitioners timely filed the petition in this case seeking a redetermination of tax and additions to tax for 1986. By letter dated November 27, 1989 (the November 27 letter), the Philadelphia Service Center informed petitioners *373 that the information they submitted regarding the home mortgage interest deduction for 1986 had cleared up the discrepancy. As a result, on the basis of this information, the Service Center accepted petitioners' 1986 return as filed. The parties do not agree totally on the series of events which followed petitioners' receipt of the November 27 letter from the Philadelphia Service Center. It appears that petitioners' counsel attempted to contact respondent's counsel after petitioners received the November 27 letter but, for unexplained reasons, her telephone calls were not returned. Petitioners' counsel finally talked to respondent's counsel (then assigned to this case) on December 20, 1989. The details of their conversation are not in the record; however, apparently respondent's counsel promised to call petitioners' counsel later, presumably after locating the administrative file. Respondent then filed her answer to the petition on January 18, 1990. In the answer respondent denied that respondent's determination of tax in the statutory notice was in error and denied for lack of information the facts alleged in the petition as a basis for petitioners' case. Respondent's counsel *374 prepared the answer without access to the administrative file. The record does not reveal the location of the administrative file when the answer was filed. Petitioners' counsel wrote to respondent's counsel on March 20, 1990, to inquire about the status of the case. In this letter petitioners' counsel states, among other things, the following: As you will recall, we discussed the above-referenced case some weeks ago and you indicated during our conversation that you would get back to me within a couple of days regarding the possibility of settlement after having obtained the documents provided by the taxpayers to the IRS previously. I indicated to you at the time that there really is no issue in this case; the taxpayers have the documentation required to substantiate their deductions and the IRS had previously ignored submission of the documentation. Respondent's reply of April 2, 1990, advised petitioners' counsel that the District Counsel's office still had not received the administrative file. Respondent's counsel then requested that petitioners furnish a copy of their 1986 return and the Form 1098 provided to them by their mortgage lender in order for her to begin to *375 resolve the matter. There is no evidence in the record that petitioners or their counsel ever furnished this information to respondent's counsel. There is no evidence in the record that petitioners or their counsel advised District Counsel about petitioners' receipt of the November 27 letter from the Philadelphia Service Center. The record does not reveal when the District Counsel's office received the administrative file. On receipt of the administrative file and after its review by an appeals officer, respondent offered to enter into a decision document stating that petitioners owed no tax. Petitioners' counsel, however, refused to execute a decision document until she could prepare petitioners' motion for costs. Petitioners' counsel executed the decision document on December 8, 1990, which then was filed by the Court as a Stipulation of Settlement on December 10, 1990. At the same time petitioners filed their motion for costs. The record does not indicate how much time elapsed between District Counsel's receipt of the administrative file and respondent's offer to enter into a decision document, that is, in effect, to concede the case. Nor does the record reveal how much *376 time elapsed between respondent's offer to concede the case and the filing of the stipulation of settlement. Discussion
Section 7430(a) authorizes, among other things, an award of reasonable litigation costs to the "prevailing party" in a tax case. To be considered a prevailing party, the party seeking the award must establish that the position of the United States in the proceeding was not substantially justified, the moving party has "substantially prevailed" with respect to either the amount in controversy or the most significant issue or set of issues presented, and he or she meets the net worth test as set forth in the EAJA, 28 U.S.C. section 2412(d). Sec. 7430(c)(4)(A). Furthermore, in order to be awarded litigation costs, the prevailing party must have exhausted the administrative remedies within the Internal Revenue Service available to the moving party. Sec. 7430(b)(1). Moreover, the prevailing party may not be awarded litigation costs for any portion of the court proceedings which the prevailing party has unreasonably protracted. Sec. 7430(b)(4). The moving party has the burden of proving all of these elements. Rule 232(e). Rule 231(b) explicitly sets forth *377 the requirements for the contents of a motion for an award of reasonable litigation costs. In regards to the net worth requirements, Rule 231(b)(5) requires the motion to contain: "A statement that the moving party meets the net worth requirements, if applicable, of Section 2412(d)(2)(B) of title 28, United States Code (as in effect on October 22, 1986), which statement shall be supported by an affidavit executed by the moving party and not by counsel for the moving party". (Emphasis added.) A party is defined in 28 U.S.C. section 2412(d)(2)(B) (1988) as: "(i) an individual whose net worth did not exceed $ 2,000,000 at the time the civil action was filed". In Dixson Corp. v. Commissioner, 94 T.C. 708 (1990), we denied litigation costs, among other reasons, because the taxpayers failed to provide any supporting information to establish their net worth or even to address the issue in their supplemental motion and reply brief even though the taxpayers were aware of the net worth requirements and had been put on notice that the Commissioner was objecting specifically to an award of litigation cost because of the taxpayers' failure to offer any proof as to their *378 net worth. See also Doyle v. Commissioner, T.C. Memo. 1988-449, where we denied the award of litigation costs solely on the fact that the taxpayer offered no proof as to net worth. Compare Hall v. Commissioner, T.C. Memo. 1989-187, where we withdrew our original opinion denying an award of litigation costs based on the taxpayers' failure to establish their net worth and permitted the taxpayers to supplement the record with the required net worth affidavits. In Hall, we found that the taxpayers' failure was due to their counsel's oversight. At that time Rule 231(b), Content of Motion, did not state that motions for litigation costs needed to specify that the moving party met the net worth requirement nor did the Rule detail the manner in which compliance with the net worth requirement should be proven. Rule 231(b), as amended through September 1, 1988. Consequently, in that particular instance, we agreed that it would be unduly harsh to dismiss the taxpayers' claim before having reached its merits. As a result, we allowed the taxpayers to establish that they met the net worth requirements set forth in the statute through "individual *379 affidavits [of the taxpayers] asserting that their individual net worths * * * [were] 'significantly less than' the $ 2,000,000 ceiling." Hall v. Commissioner, T.C. Memo. 1989-187. Since Hall was decided, however, we added to the litigation and administrative costs motion content requirements, a paragraph which specifically provides that the motion must contain a statement that the moving party meets the net worth requirements. The Rule, as amended, further clarifies that the moving party, not counsel, must attest that the moving party meets those requirements. Rule 231(b)(5). The amendments to Rule 231 generally are effective with respect to proceedings commenced after November 10, 1988 (the effective date of amendments to section 7430 made by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, section 6239, 102 Stat. 3342, 3743-3747). Amendments to paragraph (5) of Rule 231, however, are effective with respect to claims for amounts paid after September 30, 1986 (the effective date of amendments to section 7430 made by the Tax Reform Act of 1986, Pub. L. 99-514, section 1551, 100 Stat. 2085, 2752). Other stylistic amendments to Rule *380 231 are effective as of July 1, 1990, the general effective date of the latest amendments to our Rules of Practice and Procedure. 93 T.C. 821, 1013-1016 (1989). The amended rules were made available to the public by Press Release dated June 5, 1990. Petitioners here filed their motion for costs on December 10, 1990, long after we published the amendments to Rule 231 which specify in detail the proof needed to establish that the moving party meets the net worth requirements. Therefore, when petitioners filed the subject motion, there was no reason why they or their counsel should not have known of the prescribed manner for proving that petitioners met the net worth requirements on the date the litigation commenced. See Stieha v. Commissioner, 89 T.C. 784, 788 (1987). Petitioners' motion for costs contains no mention of the net worth requirements. In her objection to petitioners' motion for costs, respondent specifically objected to an award of litigation costs on the ground, among other reasons, that petitioners had failed to offer any proof of their net worth. Petitioners, thus, were put on notice that whether they met the net worth requirements *381 was at issue. Petitioners, nonetheless, failed to provide the required supporting affidavits in their response to respondent's objection to the motion, relying instead on the mere representation of their counsel that petitioners have a net worth of less than $ 2,000,000. To this date, petitioners have not offered proof through the required supporting affidavits or otherwise that they met the net worth requirements at the time the litigation commenced. Nor have petitioners asked for a hearing to address specifically this issue, or the other issues respondent raised in her objection to the motion. This case, therefore, is distinguishable from Hall v. Commissioner, supra. Under the circumstances present here, we do not believe it unduly harsh not to afford petitioners, at this late date, the opportunity to submit the required supporting affidavits. Our Rule 231(b)(5) unequivocally details the proof needed to meet the net worth requirements. Petitioners have the burden of proof on this issue. Rule 232(e). They failed to provide that proof even after respondent specifically raised an objection to the award of litigation costs on the ground that petitioners *382 had failed to offer any proof of their net worth. This Court has a profound interest is guaranteeing that its Rules are followed. Odend'hal v. Commissioner, 75 T.C. 400, 404 (1980). Petitioners have failed to sustain their burden of proving that they met the statutory net worth requirements when the litigation commenced. As a result, they do not meet the definition of a prevailing party. Rules 232(b)(5), (e); Dixson Corp. v. Commissioner, 94 T.C. at 718-719; Polyco, Inc. v. Commissioner, 91 T.C. 963, 966 (1988). Petitioners failed to prove that they are entitled to an award of litigation costs for another reason. Section 7430(b)(1) provides that a judgment for litigation costs shall not be awarded under section 7430(a) unless the Court determines that the prevailing party has exhausted the administrative remedies available within the Internal Revenue Service (IRS). In her objection to petitioners' motion for costs respondent contests the award of litigation costs on the ground, among other reasons, that petitioners failed to exhaust their administrative remedies. Respondent contends that petitioners apparently made *383 no response to the Notice from the Philadelphia Service Center inquiring about the amount of home mortgage interest deducted on their 1986 return and that they did not provide a copy of the Form 1098 from Home Unity to the Philadelphia Service Center until after the statutory notice was issued. Therefore, respondent argues, petitioners did not exhaust the administrative remedies available to them within the IRS. Petitioners assert in their response to respondent's objection, on the other hand, that they did respond to the Notice. In Mr. Avancena's file memorandum regarding his October 18, 1989, conversation with Ms. Kramer, he notes that his accountant (presumably Mr. Raffel) responded by certified mail to the Service Center's Notice twice before. Neither Mr. Avancena nor Mr. Raffel, however, now can locate copies of this correspondence. Nor, apparently, did Mr. Raffel forward a copy of this correspondence to the Service Center in his letter of September 12, 1989. Moreover, to this time petitioners have not offered any affidavit from Mr. Raffel attesting to his efforts to communicate with the Philadelphia Service Center even though in their response to respondent's objection *384 they indicated they would provide such an affidavit as a supplemental exhibit within a week of the filing of their response. Petitioners have the burden of proving that they exhausted the administrative remedies available to them within the IRS. Rule 232(e). In the Notice from the Philadelphia Service Center, petitioners were invited to send to the Service Center a "signed statement of explanation and supporting documentation" within 30 days if they disagreed with the Notice. They have supplied no proof to the Court that this explanation and documentation were mailed within those 30 days or anytime before the issuance of the statutory notice. Petitioners, thus, have not proven that the issuance of the statutory notice did not result from their failure to supply timely the requested information to the Service Center. See sec. 301.7430-1(f)(2), Proced. & Admin. Regs. Petitioners, therefore, have not met their burden of proving that they exhausted the administrative remedies available to them within the IRS. In light of our holding that petitioners did not meet their burden of proof as to the net worth requirement and exhaustion of administrative remedies requirement, we need *385 not address the additional issues of whether respondent's position was substantially justified or the reasonableness of the litigation costs sought. Accordingly, we hold that petitioners are not entitled to an award of litigation costs. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated all section references are to the Internal Revenue Code in effect for the matter under consideration, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩