JONAS R. BRYANT AND CARMEN L. BRYANT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bryant
Docket No. 17265-87
United States Tax Court
T.C. Memo 1992-681; 1992 Tax Ct. Memo LEXIS 725; 64 T.C.M. (CCH) 1398; November 25, 1992, Filed *725 For Petitioners: Burgess L. Doan and Marvin L. Martin. For Respondent: Andrew M. Winkler. WRIGHT
WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: This matter is before the Court on petitioners' motion for award of reasonable litigation costs filed pursuant to section 7430 [1] and Rule 231. [2] The issues for decision are whether petitioners met the net worth requirements of section 7430(c)(2)(A)(iii) and whether respondent's positions in the underlying action were substantially unjustified pursuant to section 7430(c)(2)(A)(i). As discussed in the ensuing opinion, we hold that petitioners have established that they met the net worth requirements but have failed to establish that respondent's positions in the underlying action were not substantially justified. *726 Background Facts
By a statutory notice of deficiency dated April 13, 1987, respondent determined deficiencies in petitioners' Federal income tax for taxable years 1983 and 1984 in the respective amounts of $ 26,302.32 and $ 4,578.30. Respondent specifically determined therein that petitioners were not entitled to the mining development deductions they claimed pursuant to section 616(a) because petitioner husband's mining activities lacked economic substance apart from tax considerations and because such were not entered into with the intent to make a profit. Respondent also determined additions to petitioners' 1983 and 1984 income tax for negligence and/or a substantial understatement of income tax. On June 11, 1987, petitioners timely filed a petition for redetermination of such deficiencies and additions to tax with this Court. Hereinafter, all references to petitioner in the singular refer to petitioner husband. On November 20, 1987, the parties filed a stipulation of settlement for all adjustments. Pursuant to this stipulation, the parties agreed that the only issue to be redetermined related to petitioner's mining activities. The parties further stipulated that *727 this issue was to be determined by application of the same formula as that which resolves the same adjustments in a related case of petitioners at docket No. 3013-85 for taxable years 1979 and 1982. On January 4, 1990, this Court entered a decision in docket No. 3013-85, at Bryant v. Commissioner, T.C. Memo. 1989-527, in which we held against petitioners on the majority of the issues presented for decision. Therein, we held that petitioner's mining activities in a mine entitled the Summit Mine lacked economic substance, that his activities in another mine entitled the Austin Mine did not lack economic substance, and that he was not at risk under section 465 for an amount borrowed from a related third party in connection with his investment in the Austin Mine. The United States Court of Appeals for the Sixth Circuit thereafter reversed our decision on the issues upon which we held against petitioners. Bryant v. Commissioner, 928 F.2d 745 (6th Cir. 1991), affg. in part, revg. in part, and remanding in part T.C. Memo. 1989-527. In accordance with the Sixth Circuit's mandate and pursuant to the *728 stipulation filed by the parties on November 27, 1990, we entered a decision in the instant case on January 28, 1992. Therein, we ordered and decided that there were no deficiencies in or additions to petitioners' Federal income tax for taxable years 1983 and 1984. On March 12, 1992, we vacated this decision for the purpose of allowing petitioners to file their instant motion for litigation costs. A similar motion for litigation costs was filed in docket No. 3013-85 after the remand, and will be denied pursuant to the memorandum opinion, T.C. Memo. 1992-680, filed concurrently with this opinion. Discussion
Section 7430 provides, generally, that a taxpayer who has substantially prevailed in a civil tax proceeding may be awarded reasonable litigation costs incurred in such proceeding. In order to be entitled to an award of litigation costs, the taxpayer must show that he was the "prevailing party" by establishing that the position of the United States in the civil proceeding was not substantially justified, [3] that the taxpayer substantially prevailed in the proceeding with respect to either the amount in controversy or the most significant issue *729 or set of issues presented, and that the taxpayer met the net worth requirements specified in 5 U.S.C. section 504(b)(1)(B). [4] Sec. 7430(c)(2)(A)(i) through (iii). In addition, litigation costs will not be awarded unless the taxpayer can demonstrate that he exhausted the administrative remedies available to him within the Internal Revenue Service (IRS), that the taxpayer did not unreasonably protract any portion of the proceedings for which litigation costs would otherwise be awarded, and that the amount of costs claimed is reasonable. Sec. 7430(b)(1), (2), (4). Each of these requirements must be met in order for an award to be made to petitioners. Minahan v. Commissioner, 88 T.C. 492, 497 (1987). Petitioners have the burden of proof as to each requirement. Rule 232(e); Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990). *730 In the instant case, respondent concedes that petitioners exhausted their available administrative remedies, that petitioners substantially prevailed with respect to the amounts in controversy and the most significant issues in this action, and that petitioners did not unreasonably protract the court proceedings. The parties have stipulated that the reasonable fees paid or incurred by petitioners for the services of attorneys in connection with the settlement of this case total $ 3,000. To be the prevailing party, petitioners must establish that they met the net worth requirements of 5 U.S.C. section 504(b)(1)(B) and that respondent's positions in the underlying action were not substantially justified. Section 504(b)(1)(B) of 5 U.S.C. defines a "party" as either an individual whose net worth did not exceed $ 2 million or an individual who is an owner of an unincorporated business or a partnership, corporation, association, etc., the net worth of which did not exceed $ 7 million when the case before this Court was initiated. For proceedings commenced after December 31, 1985, the Rules require a statement, supported by an affidavit *731 executed by the moving party (and not counsel therefor), that the moving party meets the net worth requirements, if applicable. Rule 231(b)(5); Explanatory Note Accompanying Rule 231, 93 T.C. 1016. Absent proof that the net worth requirements are met, the taxpayer is not entitled to an award of litigation costs. Dixson International Service Corp. v. Commissioner, 94 T.C. 708, 719 (1990). Petitioners in the instant case filed an affidavit with this Court pursuant to Rule 231(b)(5) asserting that their net worth as of the time of filing the petition in the instant case did not exceed $ 2 million. Respondent stipulated that in light of this submitted affidavit and the parties' joint stipulation regarding the amount of potentially recoverable litigation costs, a hearing on petitioners' instant motion was not necessary, thus indicating to this Court that no pertinent facts were in dispute. After entering this stipulation, respondent did not further challenge whether petitioners met the net worth requirements. Respondent has submitted no evidence or arguments on this issue. In light of the above-referenced affidavit and stipulation *732 and respondent's inactions thereafter, we find that respondent has conceded that petitioners met the net worth requirements. We hold, therefore, that petitioners have satisfied the net worth requirements of section 7430(c)(2)(A)(iii). See Stieha v. Commissioner, 89 T.C. 784, 787 (1987); Hall v. Commissioner, T.C. Memo. 1989-187. Having held so, we must next determine whether respondent's positions in the underlying litigation were not substantially justified. Whether respondent's positions were substantially justified turns on a finding of reasonableness, based on all the facts and circumstances, as well as legal precedents relating to the case. Sher v. Commissioner, 89 T.C. 79, 84-85 (1987), affd. 861 F.2d 131 (5th Cir. 1988); H. Rept. 97-404, at 12 (1981). In their motion for litigation costs, petitioners contend that three of respondent's positions in the underlying action were not substantially justified. First, petitioners contend that respondent's position pertaining to the disallowance of petitioners' mining development deductions claimed pursuant to *733 section 616(a) was not substantially justified. In their motion for litigation costs, petitioners assert facts, circumstances, and legal precedents in an effort to show that petitioner made expenditures to develop mines containing "ores or minerals in commercially marketable quantities", and that he met other explicit statutory requirements of section 616(a). Respondent, however, disallowed these deductions on different bases, i.e., that petitioner did not engage in the mining activities with any expectation of profit and that the activities lacked economic substance apart from tax considerations. Petitioners have presented no facts, circumstances, or legal precedents establishing that respondent's position on disallowing the mining development deductions on these latter bases was not substantially justified. If petitioners are challenging the reasonableness of this latter position solely on the basis that the Court of Appeals for the Sixth Circuit ultimately determined that petitioner's mining activities in a mine entitled the Summit Mine did not lack economic substance, such is insufficient in and of itself to find respondent's position not substantially justified. See Sokol v. Commissioner, 92 T.C. 760, 767 (1989); *734 Wasie v. Commissioner, 86 T.C. 962, 968-969 (1986). Second, petitioners challenge the reasonableness of respondent's position that petitioner was not at risk pursuant to section 465 on amounts borrowed from an unrelated third party. Respondent, however, made no determinations in the instant case that pertain to such. Finally, petitioners challenge whether it was reasonable for respondent to proceed on the basis that petitioner was an investor in a tax shelter scheme without having initially identified petitioner's mining activities as such a scheme. Petitioners contend that the internal rules of the IRS contain practices and procedures for identifying certain tax shelter schemes and for appropriately controlling and directing the examination and disposition of such cases. They further contend that respondent proceeded throughout the underlying proceedings on the basis that petitioner's mining activities were part of a tax shelter operation without identifying such activities as tax shelters in accordance with these IRS procedures in the initial stages of the proceedings. Petitioners assert that this act by respondent was unreasonable. Petitioners *735 fail to establish and we simply fail to see how their arguments show the unreasonableness of any of respondent's positions in the underlying action. We conclude that petitioners have failed to establish that respondent's positions in the underlying action were not substantially justified pursuant to section 7430(c)(2)(A)(i). Accordingly, we hold that petitioners are not entitled to recover litigation costs pursuant to section 7430. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue. Proceedings in the instant case commenced on June 11, 1987; accordingly, the Code provisions applicable to recovery of litigation costs under sec. 7430 are those provided by the Tax Reform Act of 1986 (TRA 1986), Pub. L. 99-514, sec. 1551, 100 Stat. 2752, effective for civil actions or proceedings commenced after Dec. 31, 1985. ↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. For proceedings commenced after Dec. 31, 1985, sec. 7430 requires that a taxpayer prove that the position of the United States was "not substantially justified" rather than "unreasonable". TRA 1986 sec. 1551(d)(1). We have determined that the substantially justified standard is essentially a continuation of the reasonableness standard from prior law. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131↩ (5th Cir. 1988). 4. The net worth requirements were added by TRA 1986 effective for proceedings commenced after Dec. 31, 1985. As originally enacted, the net worth requirements of sec. 7430 were expressed in terms of the requirements specified in 5 U.S.C. sec. 504(b)(1)(B). TRA 1986 sec. 1551(d)(1). For cases commenced after Nov. 10, 1988, the net worth requirements of sec. 7430 are expressed in terms of the requirements specified in 28 U.S.C. sec. 2412(d)(2)(B)↩. Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6239, 102 Stat. 3743.