W. H. PUGH COAL COMPANY, a corporation, Plaintiff,

v.

UNITED STATES of America, Defendant,

and

State of Wisconsin, Defendant-Intervenor.

No. 73–C–489.

United States District Court, E. D. Wisconsin.

Aug. 6, 1976.

Victor M. Harding, Milwaukee, Wis., for plaintiff.

William E. Callahan, Jr., Asst. U. S. Atty., Milwaukee, Wis., John E. Kofron, Asst. Atty. Gen., Madison, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

There are three motions now before the court. Two of the motions are applications for summary judgment, but such motions need not be resolved here because the court is persuaded that the third motion, the intervenor's application for dismissal, should be granted. The latter motion was brought by the state, and it is based on an alleged absence of jurisdiction over the subject matter in this court.

The action was brought in this court pursuant to 28 U.S.C. § 2409a. It is the sole jurisdictional ground for this action, although the plaintiff now urges that pendent jurisdiction is applicable. Subsection (d) of § 2409a provides as follows:

"(d) If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title."

The plaintiff's reliance upon pendent jurisdiction is inappropriate in view of the express statutory language. Thus, after disclaimer, the statute provides that "the jurisdiction of the district court shall cease unless it has jurisdiction" on other grounds. In view of the disclaimer submitted by the United States, I deem it inappropriate for this court to retain jurisdiction. There is really nothing to which this action can be deemed pendent in its present posture in this court.

Under these circumstances, the confirmation of the disclaimer of the United States is deemed a formality and one which this court should not deny. The quit claim deed dated May 12, 1976, effectively conveys the interest of the United States to the property in question to the state of Wisconsin, and I do confirm the disclaimer of the United States.

I recognize that the plaintiff originally sought relief in the state court and was obligated subsequently to bring this action in the federal court. If this were a situation in which the state and federal authorities were attempting to whipsaw the plaintiff and to harass it so as to avoid a resolution of this dispute, I would be reluctant to grant the dismissal. However, notwithstanding the delays which have been encountered in this litigation, I am not persuaded that there has been bad faith on the part of counsel for either the United States or the state of Wisconsin. I find no reason for this court to proceed with a quiet title action which should now be properly resolved in the courts of the state of Wisconsin.

Therefore, IT IS ORDERED that the disclaimer of the United States be and hereby is confirmed.

IT IS ALSO ORDERED that the motion of the intervenor State of Wisconsin for dismissal on the ground of an absence of jurisdiction over the subject matter be and hereby is granted.

**540**

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed without prejudice.