John **MADAN** and National Bank of Olyphant, Plaintiffs,

v.

**UNITED STATES of America By and Through the INTERNAL REVENUE SERVICE, Defendant.**

No. 93–CV–1058.

United States District Court, N.D. New York.

April 29, 1994.

Yetter, Zalbowitz & Gartell, Edward M. Gartell, Binghamton, NY, for plaintiffs.

U.S. Atty's. Office for the N.D.N.Y., William H. Pease, Asst. U.S. Atty., Syracuse, NY and U.S. Dept. of Justice, Tamara S. Heckman, Washington, DC, for defendant.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

The plaintiffs John Madan and the National Bank of Olyphant have brought the instant action against the United States of America, the defendant, to quiet title on a certain piece of land situated in Broome County, New York. Presently before the court are two motions for summary judgment made by the plaintiffs and the defendant.

## I. BACKGROUND

On or about April 8, 1993, a foreclosure sale was held on the steps of the Courthouse in Binghamton, New York. During this foreclosure sale, plaintiff National Bank of Olyphant ("Olyphant") purchased a real property situated at 95 Corliss Avenue, Johnson City, New York. This purchase was made in order to satisfy a mortgage lien on the said property. The property was bought for a nominal sum of $1.00. At the time of the foreclosure sale, the amount owed to Olyphant to satisfy the mortgage lien being foreclosed totalled $25,485.33. The referee appointed to sell the real property executed, acknowledged and delivered the deed to the real property to Olyphant, and the said deed was then recorded in the Broome County Clerk's Office.

Soon thereafter, on June 28, 1993, the subject real property was sold by Olyphant to plaintiff John Madan for the sum of $25,-000.00 by warranty deed. The deed was recorded in the Broome County Clerk's Office.

On or about August 2, 1993, the Internal Revenue Service ("IRS") decided to exercise its right of redemption as set forth in 26 U.S.C. § 7425. The IRS attempted to do this by tendering a check to the plaintiff, John Madan, in the amount of $1.02.

Plaintiffs here allege that the manner in which the IRS carried out its attempt to redeem the said property was improper as the amount of the tendered price was insufficient. Plaintiffs have filed the instant complaint in order to quiet title on the property in question.

Plaintiffs are now moving for summary judgment pursuant to Fed.R.Civ.P. 56 and are also seeking attorney's fees and costs. The defendant has cross moved for summary judgment.

## II. DISCUSSION

Summary judgment is appropriate when no genuine issues of material fact exist, and thus the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. There must be more than a "metaphysical doubt as to the material facts." *Delaware & Hudson Ry. v. Conrail*, 902 F.2d 174, 178 (2d Cir.1990) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986)). All ambiguities must be weighed in favor of the non-moving party. *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991).

■ However, the fact that all reasonable inferences are drawn in favor of the non-moving party does not leave that party with no burden in defending against a motion for summary judgment. It is the non-moving party who must support the ultimate burden of proof by demonstrating that there exists some evidence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In fulfilling this burden of proof, conclusory allegations or a "scintilla of evidence" is not sufficient to create a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 252, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). It is in light of this standard that the court reviews this case. The court will first address defendant's motion for summary judgment.

Initially, defendant attempts to dismiss the present claim on sovereign immunity grounds. It is alleged that in order for the United States to be a defendant in a lawsuit, the government must have expressly waived its sovereign immunity through an act of Congress. Defendant argues that the United States has not waived any such immunity in the present action.

Courts have long recognized the general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1975)). Therefore, if Congress expressly waives the government's immunity from certain types of lawsuits, then the "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman*, 453 U.S. at 161, 101 S.Ct. at 2701–02 (citing *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957)).

■ In the case at bar, plaintiffs allege that Congress did indeed waive the government's sovereign immunity by enacting 28 U.S.C. § 2410. The said section states, in pertinent part:

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or any State court having jurisdiction of the subject matter—

(1) to quiet title to,

.        .        .        .        .

real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a)(1). Courts have interpreted this section strictly to apply only to property in which the government has staked a claim by way of a lien. *See, e.g., Brewer v. United States,* 764 F.Supp. 309, 314 (S.D.N.Y.1991). It is now well established that if the government properly claims a title interest in a property and not a mortgage or a lien interest, then 28 U.S.C. § 2410(a) is not a basis in which to find that the government has waived its sovereign immunity. *Id.; see Bradley, Arant, Rose & White v. United States,* 802 F.2d 1323, 1325 (11th Cir.1986). If such is the case, then the courts are without jurisdiction to entertain the case in question.

At the commencement of this lawsuit, a foreclosure sale of the subject property had already occurred and all required notices were given to the parties including the government. At the time of the foreclosure sale, the government's lien was junior to that of Olyphant's, and thus, plaintiff Madan took the subject property free from the United States' lien. Accordingly, the government had no lien against the subject property when plaintiffs commenced this lawsuit. All the government had was a right to redeem the subject property within 120 days of the foreclosure sale pursuant to 26 U.S.C. § 7425, in which case, the government would be asserting title to the subject property and not a lien.

As previously stated, when the government asserts a title interest in a property and not a lien interest, 28 U.S.C. § 2410 does not confer jurisdiction on the courts. Thus, in the case at bar, plaintiffs have incorrectly cited to the said section to invoke jurisdiction on this court.

■ Jurisdiction, however, may be found under a different section. Section 2409a, 28 U.S.C., provides that:

(a) The United States may be named as a party defendant in a civil action under this section to adjudicate a dispute title to real property in which the United States claims an interest, other than a security interest or water rights. This section does not apply to trust or restricted Indian lands, nor does it apply to or affect actions which may be or could have been brought under section 1346, 1347, 1491, or 2410 of this title, section 7424, 7425, or 7426 of the Internal Revenue Code....

28 U.S.C. § 2409a(a). This section applies to the instant case because at the time of the filing of the instant complaint, the United States had a right to redeem the property in question pursuant to 26 U.S.C. § 7425, and therefore, did indeed have an "interest" in the title of the subject property. It is, however, important to note that this jurisdictional foundation would cease the minute the government disclaims all interest in the property in question. 28 U.S.C. § 2409a(e).

Subsection (e) of section 2409a states that:

If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title.

28 U.S.C. § 2409a(e). Since the government has already filed with the Broome County Clerk's Office a certificate confirming that the United States claimed no interest in the subject property,[1] the confirmation of the disclaimer of the United States is deemed a formality and one which this court should not deny. *See W.H. Pugh Coal Co. v. United States,* 418 F.Supp. 538, 539 (E.D.Wis.1976). The certificate of disclaimer has effectively destroyed any interest the government had in the subject property, and this court confirms the disclaimer of the United States. As such, in accordance to the language of the statute, this court's jurisdiction to hear the present lawsuit ceased at this point.

■ In addition to the lack of jurisdiction as a basis for dismissal of plaintiffs' lawsuit, mootness is an alternative ground for dismissal. Plaintiffs have brought the instant

---

1. The government gave notice of its position in its amended answer to the complaint. Amended Ans. at 4 ("[The government] has instructed the IRS to file a certificate confirming that the United States disclaims any interest in the subject property....").

lawsuit to either quiet title to the property in question or to receive an appropriate tender offer in the event the IRS decides to redeem the property. Following the filing of the lawsuit, the government has filed a certificate in the County Clerk's Office disclaiming all interest in the property, and thus, all of plaintiffs' requested reliefs in connection with the said property have been satisfied. Accordingly, plaintiffs' claim has now been mooted, and the court lacks jurisdiction to hear the case. *See Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) ("In general a case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.' "). Thus, summary judgment is granted to defendant on the issue of quieting title to the subject property.

■ This determination does not end our inquiry, however, because, in the complaint, plaintiffs have also requested attorney's fees under 28 U.S.C. § 2412 (the Equal Access to Justice Act). After further review of the law, it now seems clear that plaintiffs are claiming attorney's fees under 26 U.S.C. § 7430 and not 28 U.S.C. § 2412. *See* Pltf's Reply to Cross Motion at ¶ 13 ("In anticipation of an award of attorney fees, on behalf of one or both of the Plaintiffs in this action, *pursuant to 26 U.S.C. § 7430 ....*") (emphasis added). Section 7430 is an independent basis for a suit against the government because the said section waives the government's sovereign immunity in certain civil tax litigation when claiming an award of attorney's fees and costs. *See In re Grewe,* 4 F.3d 299, 303 (4th Cir.1993).

■ In order for the plaintiffs in this action to be able to collect for attorney's fees and costs under 26 U.S.C. § 7430, plaintiffs must demonstrate that the requirements under the said section have been satisfied. The requirements are that (1) the plaintiffs exhausted their administrative remedies available within the Internal Revenue Service, 26 U.S.C. § 7430(b)(1); (2) the plaintiffs are in fact "prevailing parties" within the meaning of 26 U.S.C. § 7430(c)(4)(A); and (3) the requested attorney's fees and costs are reasonable litigation costs as defined in 26

U.S.C. § 7430(c). The plaintiffs have the burden of establishing that they are entitled to the fees and costs under the said section. *See Zinniel v. Commissioner of Internal Revenue,* 883 F.2d 1350, 1356 (7th Cir.1989).

In the case at bar, the United States, for purposes of this action only, has conceded that the plaintiffs have exhausted their administrative remedies. Deft Memo. at 13 n. 8. Thus, plaintiffs have satisfied the first requirement.

■ As for the second requirement that plaintiffs show that they were "prevailing parties" within the meaning of 26 U.S.C. § 7430(c)(4)(A), the plaintiffs must demonstrate that (1) the position of the United States in the proceeding was not substantially justified, 26 U.S.C. § 7430(c)(4)(A)(i); (2) the plaintiffs substantially prevailed with respect to the amount in controversy or the most significant issue(s), 26 U.S.C. § 7430(c)(4)(A)(ii)(I) & (II); and (3) the plaintiffs meet certain requirements of 26 U.S.C. § 7430(c)(4)(A)(iii).

The United States has conceded that the plaintiffs prevailed on the most significant issue—to quiet title. The United States, however, assert that the plaintiffs have failed to allege the remaining two prongs of the "prevailing party" requirements; mainly, that they have met the financial requirements of 28 U.S.C. § 2412(d)(2)(B) as required in 26 U.S.C. § 7430(c)(4)(A)(iii), and that the United States' position throughout the proceeding was not substantially justified.

28 U.S.C. § 2412(d)(2)(B) defines a "party" as:

> (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed....

The plaintiffs have failed to even attempt to demonstrate that they, as an individual or a corporation, have met the requirements of section 2412. Plaintiffs' moving papers are void of any such assertions, and this alone is

sufficient ground for denial of attorney's fees and costs. As stated earlier, it is incumbent on the plaintiffs to demonstrate that they are entitled to fees and costs under 26 U.S.C. § 7430. *Zinniel,* 883 F.2d at 1356. Plaintiffs' failure to do so in the instant case is fatal to plaintiffs' claim.

The granting of summary judgment for the government on the issue of attorney's fees and costs is without prejudice, however. The plaintiffs have thirty (30) days from the date of this final judgment to resubmit an application for fees and costs pursuant to 28 U.S.C. § 2412(d)(1)(B) as incorporated in 26 U.S.C. § 7430. At such time, the plaintiffs may cure any deficiencies in the pleadings.

The granting of summary judgment for the defendant has rendered plaintiffs' motion for summary judgment moot.

## III. CONCLUSION

For the stated reasons, defendant's motion for summary judgment is granted in its entirety. Plaintiff's claim for attorney's fees and costs pursuant to 26 U.S.C. § 7430, however, is dismissed without prejudice, and plaintiffs may resubmit the said application within 30 days of this judgment.

**IT IS SO ORDERED.**