**John MADAN and National Bank of Olyphant, Plaintiffs,**

**v.**

**UNITED STATES of America By and Through the INTERNAL REVENUE SERVICE, Defendant.**

No. 93–CV–1058.

United States District Court, N.D. New York.

Sept. 28, 1994.

Yetter, Zalbowitz & Gartell, Binghamton, NY (Edward M. Gartell, of counsel), for plaintiffs.

United States Attorney's Office, N.D.N.Y., Syracuse, NY (William H. Pease, Asst. U.S. Atty., of counsel) and U.S. Dept. of Justice, Washington, DC (Tamara S. Heckman, of counsel), for defendant.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

The plaintiffs, John Madan and the National Bank of Olyphant, have brought the instant action against the United States of America, the defendant, to recover attorneys

fees expended in an underlying action to quiet title. In the previous dispute, the court granted the defendant's motion for summary judgment in its entirety, but dismissed the plaintiffs' claim for attorney's fees without prejudice, and allowed a resubmission of the application for fees. *Madan v. United States*, 850 F.Supp. 148 (N.D.N.Y.1994). That application is presently before the court. Having carefully considered the submissions of the parties and the applicable law, the court concludes that attorney's fees would not properly be granted under these circumstances. The application of the plaintiffs is, therefore, denied.

## I. BACKGROUND

In the underlying action, the court resolved cross-motions for summary judgment on an action to quiet title by denying the plaintiffs' motion and granting the defendant's. The court granted the government's motion on two grounds: First, the court lacked jurisdiction to hear the lawsuit pursuant to 28 U.S.C. § 2409a, given that the government filed a certificate with the Broome County clerk's office confirming that the United States claimed no interest in the property. Second, because the government, indeed, filed that certificate, the lawsuit was moot. *Madan*, 850 F.Supp. at 151–52.

In its Memorandum–Decision and Order, however, the court dismissed the plaintiffs' claim for attorney's fees without prejudice, and allowed plaintiffs leave to resubmit the application for fees. On June 17, 1994, plaintiff moved for attorney's fees pursuant to either 28 U.S.C. § 2412 or 26 U.S.C. § 7430, "as applicable." Pls.App. at 1.

## II. DISCUSSION

### (A) THE STATUTE THAT APPLIES TO PLAINTIFF'S MOTION

■ In the underlying action, the court noted that "[a]fter further review of the law, it now seems clear that the plaintiffs are claiming attorney's fees under 26 U.S.C. § 7430 and not 28 U.S.C. § 2412." *Madan*, 850 F.Supp. at 152. The court's observations notwithstanding, however, the plaintiff has, in the pending application, requested "attor-

neys fees and costs pursuant to either 28 U.S.C. § 2412 or 26 U.S.C. § 7430 as applicable." Pls.App. at 1.

A threshold question, then, requires a determination of which of the two statutes applies to the plaintiffs' application for attorney's fees, and whether the two statutes can properly be pleaded concurrently.

By its very terms, section 2412 of title 28 is not applicable to proceedings to which 26 U.S.C. § 7430 applies: "The provisions of this section shall not apply to any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1986 applies." 28 U.S.C. § 2412(e); *see also Prudential–Bache Securities, Inc. v. Tranakos*, 593 F.Supp. 783, 786 (N.D.Ga.1984). Accordingly, because 26 U.S.C. § 7430 supplants 28 U.S.C. § 2412, the court will consider plaintiff's motion as if made pursuant to § 7430 alone.

### (B) PLAINTIFFS' MOTION UNDER 26 U.S.C. § 7430

■ In order for the plaintiffs in this action to be able to collect attorney's fees and costs under section 7430 of Title 26, they must, obviously, meet the requirements of the statute. As the court noted in the underlying action, section 7430 requires (1) that the plaintiffs exhaust their available administrative remedies within the Internal Revenue Service, 26 U.S.C. § 7430(b)(1); (2) that the plaintiffs be, in fact, "prevailing parties" within the meaning of 26 U.S.C. § 7430(c)(4)(A); and (3) that the requested attorney's fees and costs are reasonable litigation costs as defined by 26 U.S.C. § 7430(c). The burden of establishing entitlement to fees and costs under the statute rests with the plaintiffs. *Madan*, 850 F.Supp. at 152; *see Zinniel v. Commissioner of Internal Revenue*, 883 F.2d 1350, 1356 (7th Cir.1989).

The government has conceded, for purposes of this action only, that the plaintiffs have exhausted their administrative remedies. Def.Memo. at 13 n. 8; Def.Resp. at 3 n. 5. Thus, plaintiffs have satisfied the first requirement.

In order for the plaintiffs to demonstrate that they are the "prevailing party" under § 7430(c)(4)(A), they must show that (1) the position of the United States in the underlying proceeding was not substantially justified, 26 U.S.C. § 7430(c)(4)(A)(i); that (2) they substantially prevailed with respect to the amount in controversy or the most significant issue, 26 U.S.C. § 7430(c)(4)(A)(ii)(I); and that (3) the plaintiffs meet the financial requirements of 26 U.S.C. § 7430(c)(4)(A)(iii).

The government has conceded that the plaintiffs have met the second prong; that is, that the plaintiffs prevailed with respect to the most significant issue, to quiet title. Def. Memo at 14; Def.Resp. at 4 n. 7. However, the government asserts here, as it did in the underlying action, both that its position throughout the course of the proceeding was substantially justified, and that the plaintiffs do not meet the financial requirements of 28 U.S.C. § 2412(d)(2)(B) as required by 26 U.S.C. § 7430(c)(4)(A)(iii).

Because the plaintiffs fail to meet the third prong necessary to demonstrate that they are a "prevailing party," however, the factual inquiry as to whether the government's conduct was substantially justified is unnecessary, and this court therefore declines such an undertaking.

■ The National Bank of Olyphant conveyed a warranty deed to John Madan on the property at issue. A warranty deed, by definition, warrants "defense of title as to all claims." Black's Law Dictionary 1425 (5th ed. 1979). Thus, defense costs of this action, by the deed's own terms, are to be paid exclusively by plaintiff National Bank of Olyphant and not by plaintiff John Madan. The National Bank of Olyphant, then, is the only party with whom this court must concern itself with respect to eligibility for fee reimbursement.

■ 26 U.S.C. § 7430(c)(4)(A)(iii) sets forth ceilings under which plaintiffs must fall in order to qualify for fee reimbursement. Specifically, individual plaintiffs must have a net worth of less than two million dollars at the time the action was filed, and corporate plaintiffs must not have corporate net worth in excess of seven million dollars at the time

the action was filed. 26 U.S.C. § 7430(c)(4)(A)(iii). Plaintiffs admit that the National Bank of Olyphant exceeds the statute's financial eligibility requirements. Pls.Reply at 5.

Therefore, because the National Bank of Olyphant is the corporate entity exclusively responsible for bearing the costs of title litigation under a warranty deed, it is ineligible for fee reimbursement under the statute in question. As such, plaintiffs cannot recover.

Because the plaintiffs failed to prove their entitlement to fees and costs, in that they did not demonstrate that they fully met the requirements of the statute, no examination of the reasonableness of the requested fees and costs (the third requirement of § 7430) is necessary.

## III. CONCLUSION

For the stated reasons, the plaintiffs application for attorney fees and expenses is denied.

**IT IS SO ORDERED.**